69 N.J. Super. 601 (1961)
174 A.2d 653
STATE OF NEW JERSEY, PLAINTIFF,
v.
ANGELO BOUTSIKARIS, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 8, 1961.
*602 Messrs. Friedman & D'Alessandro, by Mr. Edward G. D'Alessandro, for defendant.
Messrs. Stryker, Tams & Dill, by Mr. James T. Clare, for movant, Prudential Insurance Company of America.
MASUCCI, J.C.C. (temporarily assigned).
On motion to quash a subpoena duces tecum directed to the Prudential Insurance Company of America, commanding that the person in charge of certain records pertaining to one of its employees, Anthony Martino, produce them before this court for inspection to determine the existence of a report of psychiatric evaluation of said employee, a necessary witness against the defendant herein in the above case.
The subpoena was issued under the provision of R.R. 3:5-10(c), authorizing the court to require production of records, papers, etc.
The pertinent parts of said rule read as follows:
"A subpoena may * * * command the person to whom it is directed to produce * * * before the court at a time prior to the trial * * * and may * * * permit the books, papers, documents, * * * to be inspected and copied by the parties and their attorneys."
Said rule, in unequivocal and unrestricted terms gives the court discretionary powers to allow inspection, before trial of all papers, documents, etc. State v. Murphy, 63 N.J. Super. 188 (Cty. Ct. 1960) confirming such construction and authority.
The Prudential seeks to qualify and restrict the construction of said rule.
*603 It first urges that the commission involved in the subpoena issued in the Murphy case was engaged in a public enterprise and, therefore, had no reference in its application to a private enterprise, such as the Prudential business. Although the court may have given stress to the commission's public function, for reasons there necessary, it made no such distinction in its construction of said rule.
In fact, many of its expressions gave emphasis to the court's intent to give said rule general, broad application.
The following quotes from the Murphy case are clearly expressive of such intent:
"`We start with the premise that [the] truth is best revealed by a decent opportunity to prepare in advance of trial. * * * It is difficult to understand why a defendant should be denied pretrial inspection * * * in the absence of circumstances affirmatively indicating disservice to the public interests.'" (63 N.J. Super., at p. 204)
"`What we have said has its roots much deeper than mere niceties of procedure or so-called technicalities of the law of evidence. The most fundamental of a reviewing court's duties is to see to it both that the end result in a case is just and correct and that the means utilized are fair and proper. Such is the essence of due process of law.'" (63 N.J. Super., at p. 205)
The Prudential refers to the comment in the cited case, on the history of R.R. 3:5-10 and stresses "Obviously * * * the parent of R.R. 3:5-10 is not a discovery rule," and that said rule may not be used for a fishing expedition citing State v. Bunk, 63 A.2d 842 (Cty. Ct. 1949), affirmed 4 N.J. 461 (1950).
The defendant does not seek discovery but inspection of the psychiatric report referred to, having been informed that such a report exists and so advised the court in the presence of counsel for the Prudential. It is significant that nowhere has it made any express denial of the existence of such a report. The fact being peculiarly within its knowledge, it could have filed an affidavit of denial with its moving papers.
*604 The tendency of the law is to impose the duty of supplying necessary information on the party having either the exclusive or peculiar knowledge of facts or circumstances. State v. Johnson, 28 N.J. 133 (1958), to that effect, in modifying rule in State v. Tune, 13 N.J. 203 (1953).
It next urges that said rule contemplates only inspection of admissible evidence. Admittedly, the report itself would not be evidential.
In view of the philosophy of the Murphy case to give "every reasonable opportunity and facility within the rules for the preparation of their defense" and considering that the subject matter of this rule and the "deposition rules" are in pari materia, a reasonable construction is that the words of said rule "offered in evidence" refer to such evidence as may be offered at the trial and are not a limitation on what may be inspected before trial.
Again in Murphy, it was held that the tenet embraced with respect to civil litigation, absent overriding consideration (none here appearing) should be as valid in criminal matters.
The psychiatric report appears reasonably calculated to lead to the discovery of relevant evidence. It has not been contended that it is confidential or that it would involve an undue hardship, nor has any other reason been advanced to impel this court to deny the right of inspection, and considering that this defendant's liberty and freedom are at stake, the motion to quash the subpoena duces tecum is denied.