Argued January 18, reversed and remanded March 30, petition
for rehearing denied June 30, petition for review
denied September 19, 1972

# STATE OF OREGON, *Respondent, v.* BENJAMIN GEORGE FLEISCHMAN, Jr. (No. C-57220), *Appellant.*

495 P2d 277

*Robert J. Morgan,* Milwaukie, argued the cause for appellant. With him on the brief were Erlandson & Morgan, Milwaukie.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were

Lee Johnson, Attorney General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

## THORNTON, J.

Defendant was convicted by a 10 to 2 jury verdict of assault with intent to kill in violation of ORS 163.280.

On appeal he contends that the trial court erred (1) in allowing Officer Smith and ex-Officer Loos to testify regarding alleged prior crimes committed by defendant, (2) in allowing a state's witness to testify as to a statement allegedly made by defendant in 1964 expressing hostility toward the police, (3) in refusing to allow defense counsel access to ex-Officer Loos's personnel record, and in denying defense the opportunity to cross-examine Loos concerning incidents of alleged drunkenness on duty, (4) in giving erroneous instructions to the jury on the relationship between provocation and self-defense, and (5) in instructing the jury that a 10 to 2 verdict is sufficient to convict. The last assignment has been decided adversely to defendant in *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

The charge against defendant arose out of an attempt by Portland police to apprehend defendant following an alleged traffic violation. The evidence was that defendant ignored the officer's siren, flashing red lights and other signals to stop following the alleged violation. This was immediately followed by a police chase of several miles through the city, in which other police cars later joined. The chase ended

with a final encounter in the driveway of defendant's family home where defendant fired a series of pistol shots at Officer Seaton, three of which struck and critically wounded the officer. Defendant contended that he had previously received threats on his life from third parties, and that he fired out of fear for his own safety.

At trial the state, in order to prove that the alleged assault was done with "deliberate and premeditated malice and intent to kill" as charged in the indictment, offered testimony concerning five prior incidents dating back to 1959 where defendant was alleged to have shown hostility toward police officers. Defendant objected and the trial judge sustained his objection to all such alleged clashes except as to two traffic arrest incidents: (1) a 1964 incident involving ex-Officer Loos, and (2) a 1969 incident involving Officer Smith.

Briefly stated, the 1964 incident (ex-Officer Loos) involved a refusal by defendant to stop in response to siren and signals of a traffic officer following an alleged traffic violation. A chase ensued. When defendant finally exited from his automobile, the officer attempted to arrest him. Defendant thereupon allegedly attacked the officer with great violence. After the struggle ended defendant allegedly made threats to "get even." The 1969 incident between Officer Smith and defendant involved an alleged hit-and-run infraction. Officer Smith asked defendant to exhibit some personal identification. The defendant is alleged to have been extremely hostile and to have replied, "I don't have to show you a God damn thing."

Did the trial court abuse its discretion in allowing the state to introduce testimony of the prior Smith and Loos incidents?

■ While evidence of collateral crimes committed by an accused is generally inadmissible, the courts have recognized numerous exceptions. For a discussion of some of these exceptions, see *State v. Lehmann,* 6 Or App 600, 488 P2d 1383 (1971); *State v. Hamilton,* 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971); *State v. Woolard,* 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970). Among the frequently recognized exceptions to the exclusionary rule is:

"* * * [P]roof of other crimes * * *

"* * * * * *

"(7) To show, by immediate inference, malice, deliberation, ill-will or the specific intent required for a particular crime." McCormick, Evidence 326, 327, 330, § 157 (1954).

*See also* 2 Wigmore, Evidence 274, §§ 363-365 (3d ed 1940, Supp 1970); 1 Wharton, Criminal Evidence 320, 330, 339, 394, §§ 165, 170, 173, 197 (12th ed 1955).

■ We believe that testimony of the Smith and Loos arrest encounters was properly allowed in evidence because of the relationship of the three crimes, and because the probative value of this evidence outweighed its prejudicial effect.

*People v. Wells,* 33 Cal2d 330, 68 Cal Rptr 400, 202 P2d 53 (1949), involved the prosecution of a prisoner for assaulting and killing a prison guard who had brought disciplinary charges against him. The court held that evidence of previous and subsequent misbehavior of defendant toward prison guards was admissible to show defendant's hostility toward the guards. The court said:

"* * * Because defendant, at various times during the 10 years before and at a time about

three months after commission of the offense charged, expressed, by words and acts, feelings of hostility toward various custodial officers, he probably felt hostility and bore malice toward the class of custodial officers. * * * Therefore, defendant probably injured [deceased officer] with 'malice aforethought' rather than by accident while engaged in actions prompted by honest fear for his own (defendant's) safety. * * *" 33 Cal2d at 342.

Similarly, in *Dietz v. State,* 149 Wis 462, 136 NW 166, Ann Cas 1913C 732 (1912), defendant was charged with murder of a sheriff who sought to arrest him. Evidence of assaults upon and resistance to arrests by law enforcement officers over a period of seven years was admitted to negative defendant's claim that he believed he was defending himself against a wrongdoer. There the court said:

"It is true that some of the acts of resistance to arrest in the present case were remote in point of time from the act under investigation, but that does not of itself render such evidence incompetent, especially where, as here, the acts were repeated year after year down to a comparatively recent period, and were all apparently inspired by one purpose, namely, the purpose to resist the execution of legal process." 149 Wis at 470.

■ Whether defendant's hostility toward the police in 1964 and early 1969 was proof of defendant's "deliberate and premeditated malice and intent to kill" as charged in the indictment was for the jury to determine.

The trial judge specifically instructed the jury that evidence of the prior incidents

"* * * was admitted for the limited purpose of showing, as the State contended it showed, intent, malice or motive on the part of the defendant.

It was—that evidence was received by you for that limited purpose only and you should consider it only for that limited purpose. * * *"

■ With reference to the length of time over which inquiry, if otherwise permissible, as to other offenses committed by the accused may extend, our Supreme Court in *State v. Peden,* 220 Or 205, 211, 348 P2d 451 (1960), held that this was "within the sound discretion of the trial court." In *Peden* the evidence of prior offenses involved acts occurring 15 to 24 months prior to the offense charged.

"* * * Remoteness of [the] prior offense affects only the weight and not its relevancy. * * *" *People v. Kerns,* 134 Cal App2d 110, 114, 285 P2d 81 (1955).

■ We do not believe that the trial judge abused his discretion here in allowing proof of the 1964 and 1969 incidents involving defendant. Although the evidence of the 1964 and 1969 incidents showed other criminal violations and thus reflected on the character of the accused, it was "* * * logically and legally relevant to the controlling issue before the jury, whether the state of mind of the defendant was such that he acted with malice aforethought * * *, or whether he * * * acted under justifiable circumstances * * *." *McKeever v. State,* 118 Ga App 386, 388, 163 SE2d 919 (1968).

■ Defendant's second assignment is directed to the testimony of Mr. Washburn that defendant had told the witness in 1964 that "he didn't like policemen," and that he was very bitter about it. The trial judge listened to this testimony outside the presence of the jury, then ruled it was admissible. After the witness testified before the jury the judge instructed the jury

that his testimony should be considered only as it bore on the defendant's attitude toward the police.

Defendant raises substantially the same objections to Mr. Washburn's testimony as he raised concerning the testimony of Smith and Loos because Washburn's testimony is similar in substance and effect to the testimony of Smith and Loos and was offered for the same limited purpose. What we have said above with reference to defendant's objections in number one is also applicable here. We find this assignment to be without merit.

In *State v. Klamert,* 253 Or 485, 455 P2d 607 (1969), defendant was also charged with assault with intent to kill a police officer by shooting him with a rifle. A state's witness testified over objection that some three weeks prior to the charged offense, defendant had told another officer that " 'young cops' are 'punks' and should be killed." Our Supreme Court held that this testimony was admissible where the jury could reasonably infer that the statement indicated animosity against policemen in general.

We now consider whether the trial judge erred in refusing to allow defense counsel access to ex-Officer Loos's personnel records. As previously stated, Officer Loos testified that during the 1964 incident there was a physical encounter when defendant was stopped for a traffic offense. Loos testified that defendant was the aggressor at that time. Defendant later testified that Loos was the aggressor in 1964.

Defense counsel stated they believed ex-Officer Loos's personnel records would reveal that Loos had been involved in other violent encounters while making arrests, that Loos had been the aggressor in those other encounters, and that the jury could infer there-

from that Loos rather than the defendant was the aggressor in the 1964 incident.

■ There is a duty upon the state in a criminal trial to disclose evidence of which it has knowledge that is favorable to the accused. See *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963); *State ex rel Dooley v. Connall,* 257 Or 94, 475 P2d 582 (1970); *Hanson v. Cupp,* 5 Or App 312, 484 P2d 847 (1971); also see generally, Annotation, 34 ALR3d 16 (1970).

In this case the trial judge examined the subject file *in camera,* a procedure approved in *State ex rel Dooley v. Connall,* supra, and then stated:

"* * * [T]here is nothing in the file which would provide any material for the defense relative to the [question of possible over-aggressiveness by Loos in other situations] * * *. So I am going to refuse the request of the defendant for permission to view the file * * *."

The trial judge also followed the appropriate procedure of then making the file a court exhibit so that it could be transmitted to us with the record.

We have examined the subject file and do not agree with the conclusion of the trial judge that none of the material contained therein would have been of assistance to defendant's attorneys in testing on cross-examination the credibility of ex-Officer Loos's testimony. The state having been permitted to show in detail the two prior incidents where defendant had allegedly demonstrated hostility toward the police, should not have been allowed to block inspection of the personnel file and thus hamper defendant's efforts to explore and test fully the accuracy and reliability of the prosecution's evidence thereof.

■ The state cannot refuse to disclose this evidence on the grounds that it was in the possession of an agency other than the prosecutor's office, where, as here, the prosecutor knew of its existence. Compare *Barbee v. Warden, Maryland Penitentiary,* 331 F2d 842 (4th Cir 1964), with *State v. Reynolds,* 422 SW2d 278 (Mo 1967).

■ Nor can the state invoke the privilege claim pursuant to ORS 44.040(1)(e)[1] which it attempted to make in the trial court.[2] When the state chooses to prosecute an individual for crime, it is not free to deny him access to evidence that is relevant to guilt or innocence, even when otherwise such evidence is or might be privileged against disclosure. See *State v. Cortman,* 251 Or 566, 446 P2d 681 (1968), *cert denied* 394 US 951 (1969) (informer's identity when relevant to guilt or innocence); *State v. Nice,* 240 Or 343, 401 P2d 296 (1965) (juvenile court records); *Chandler v. State,* 230 Or 452, 370 P2d 626 (1962) (welfare department files); *State ex rel Juv. Dept. v. Lamar,* 7 Or App 132, 490 P2d 191 (1971) (welfare department files); see generally *United States v. Andolschek,* 142 F2d 503 (2d Cir 1944). It follows, therefore, that the refusal of the trial judge to allow defense counsel to examine the subject file prior to cross-examining ex-Officer Loos was reversible error.

---

[1] ORS 44.040(1)(e):

"A public officer shall not be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure."

[2] The state's claim of privilege was made by the prosecutor on the following ground:

"* * * [T]he personnel files for a police officers [sic], even a retired police officer, is confidential information of the police department and is not a public record in that sense and we do not feel it's a proper thing for production in a trial of this type."

We do not mean to suggest that criminal defendants can routinely have access to the personnel records of policemen who testify against them. We only hold that on this unusual record ex-Officer Loos's records contain evidence "which, if believed by a trier of fact, would be seriously considered by that trier of fact in determining guilt or innocence." *Hanson v. Cupp,* supra at 858-59. *See also, United States v. Weintraub,* 429 F2d 658 (2d Cir 1970) (draft registrant charged with refusal to submit to induction held entitled to examine files of other draft registrants); *State v. Boutsikaris,* 69 NJ Super 601, 174 A2d 653 (1961) (criminal defendant held entitled to examine company personnel file to determine existence of psychiatric report on prospective witness against defendant). *Cf. State v. Jacobs,* 252 Or 433, 450 P2d 542 (1969).

■ Next we hold that the trial judge did not commit error in prohibiting cross-examination of Loos about incidents of alleged drunkenness on duty. Such incidents would have no bearing on any of the issues in this case.

■ Defendant's final assignment that the trial judge gave erroneous instructions to the jury on the relationship between provocation and self-defense is without merit.

The jury was instructed on two defenses, self-defense and the justified use of killing force to prevent the commission of a felony. The trial judge also clearly instructed the jury as to the relationship between the conduct of the police and defendant's reaction thereto. When all the instructions are considered, defendant's theory of the case was fairly presented.

Reversed and remanded.