Argued March 23, affirmed April 5, reconsideration denied May 12, petition for review denied May 18, 1976

STATE OF OREGON, *Respondent,*

*v.*

RALPH FRANKLIN UTLEY, *Appellant.*

(No. 75-90 C, CA-5349)

547 P2d 1376

Argued and submitted March 23, 1976.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was convicted of attempted murder as a result of an incident in which he stabbed a state police officer in the back with a knife when the officer was arresting the defendant for drunken driving. The sole assignment of error on appeal is that the court erred in not turning the officer's personnel file over to defense counsel for inspection. Counsel requested this on the basis that defendant believed the file would show that the officer had used excessive force in connection with other arrests and also excessive force in connection with the attempted arrest of the defendant.

Although the trial judge did not turn the file over to defense counsel, he did examine it *in camera* and stated that he found nothing in the file which supported defendant's contentions. The court in examining the file *in camera* relied on *State ex rel Dooley v. Connall,* 257 Or 94, 475 P2d 582 (1970), and *State v. Fleischman,* 10 Or App 22, 495 P2d 277, Sup Ct *review denied* (1972).

The sealed file is a part of the record on appeal. We have also examined it and agree with the trial judge that there is nothing in it which supports defendant's contentions. This being the case, there is no need to consider the question of whether the evidence in this case was such as to even require an *in camera* inspection by the trial judge. *See State v. Sagner,* 18 Or App 464, 471, 525 P2d 1073, Sup Ct *review denied* (1974).

Affirmed.