Argued and submitted July 30, reversed and remanded
for new trial September 22, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# MAURICE EVAN HUNTER,
*Appellant.*

## (No. 79-35C, CA 16140)

617 P2d 273

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Christian W. Van Dyke, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals from his conviction for the crime of incest, ORS 163.525,[1] contending that the court erred in allowing certain photographs and pictures to be admitted into evidence. We agree and reverse.

Defendant was charged with engaging in sexual intercourse with his daughter who is 15 years old. The charge was denied by defendant and defendant's 17 year-old son, as well as defendant's daughter, the alleged victim. Four other witnesses testified that they observed defendant and his daughter having sexual intercourse.

During the search of defendant's home police seized a number of photographs, photographic negatives, magazine pictures and undeveloped photographic film. Numerous photographs and the magazine pictures were introduced into evidence over defendant's objection that they lacked probative value and were prejudicial. The film and negatives which were seized were processed by the police and the resulting photographs were introduced into evidence, again over defendant's objection that they lacked probative value and were prejudicial. Four photographs identified by a witness as having been removed from defendant's home by that witness were also admitted over defendant's same objection.

The majority of the photographs are of defendant's daughter in semi-nude or nude poses. The magazine pictures are from over-the-counter "adult" magazines. The state contends that the material's relevance does not rest merely on the content of the material but on defendant's use of the pictures.

---

[1] ORS 163.525 states:

"(1) A person commits the crime of incest if he marries or engages in sexual intercourse or deviate sexual intercourse with a person whom he knows to be related to him, either legitimately or illegitimately, as an ancestor, descendant or brother or sister of either the whole or half blood.

"* * * * *.'

■      In order for the challenged evidence to be admissible, its probative value must outweigh its prejudicial effect. *State v. Chase,* 47 Or App 175, 613 P2d 1104 (1980); *State v. McCready,* 31 Or App 591, 595, 571 P2d 160 (1977); *State v. Harrison,* 253 Or 489, 491, 455 P2d 613 (1969); *State v. Flett,* 234 Or 124, 380 P2d 634 (1963). Because of the variety of materials challenged, it is necessary to categorize evidence and discuss the probative value and prejudicial effect of each category.

■      The first category is the group of magazine pictures. Testimony indicates that the pictures were displayed by defendant's daughter in her bedroom with defendant's knowledge before their seizure by the police. Both male and female genitalia are displayed in the pictures and several pictures depict couples engaged in sexual acts. While these pictures are graphic and many are of the type to offend many members of the general population, they have no inherent relationship to the crime alleged. The fact that defendant's daughter displayed these kinds of pictures and defendant allowed the display and perusal by his daughter is not a basis for the inference that defendant had, or was even likely to have, an incestuous relationship with his daughter. It does not follow that people who read or condone this material are more likely to engage in incest. The pictures have no probative value and their prejudicial value is obvious. The trial court erred in admitting them into evidence.

■      The next two categories of pictures are photographs of defendant's daughter. The first group, approximately 108 photographs, was taken by a professional photographer in South Carolina more than a year prior to the trial. In several of the photographs the defendant's daughter is fully clothed, but the majority show defendant's daughter, a mature looking woman, in nude or semi-nude poses. The pictures have been described as "arty" by the defendant and that is a fair description. Testimony indicates that defendant did not object to his daughter being photographed and, in fact, showed some of the pictures to a few people

who visited his home. Four of the pictures were removed from the defendant's home by a witness who was living with defendant and his family and the rest of them were confiscated by the police during the search and seizure. Some of the photographs were displayed in the daughter's bedroom. The majority were found by the police in a laundry basket in defendant's home. Many of the pictures are duplicates and are very similar in composition.

These photographs do not have probative value. The subject matter does not show or tend to show the defendant engaged in sexual intercourse with his daughter. They are not about defendant's relationship with his daughter, sexual or otherwise. A sexual connotation is a common inference from nudity and the pictures obviously have a sexual connotation. Nevertheless, the inference that defendant had sexual intercourse with his daughter is not easily drawn from the fact that defendant condoned and displayed these particular pictures.

Furthermore, the subject matter of the photographs is of a nature to produce prejudice against defendant in the minds of the jurors. The pictures indicate that defendant's daughter is physically mature and is sophisticated in a manner which some people might consider inappropriate for a 15 year old—a sophistication which the jurors might have felt should not be condoned by her father. It is likely that members of the jury would feel ill will towards defendant because of these photographs which add very little, if anything, to the state's case. This fact is exacerbated by the sheer number of photographs introduced and the amount of duplication. The pictures would, therefore, have a tendency to distract the jurors from the real issue in the case, while adding very little to the information necessary for their decision.

The second group of photographs taken of defendant's daughter was taken by defendant's son. These photographs were developed by the police from a roll of film that was confiscated. They are slightly more sexually suggestive than the others, depicting

defendant's daughter semi-nude, and many have the American flag as the background.

Again, these photographs do not suggest that defendant and his daughter engaged in sexual intercourse. The pictures do not relate by their subject matter to defendant's relationship with his daughter. In fact, there is no connection between defendant and these pictures whatsoever. These obviously prejudicial photographs, therefore, have no probative value and should not have been admitted.

The final category of evidence is a group of photographs depicting defendant and his daughter interacting with each other. Testimony indicates that these photographs were taken in South Carolina by the same professional photographer who took the other photographs of defendant's daughter. Both defendant and his daughter are fully clothed in these pictures. The photographs were produced by the police from negatives seized from defendant's home. The pictures appear to be sequential and culminate in defendant and his daughter touching tongues and noses.

These photographs are arguably probative, since they depict a physical contact between defendant and his daughter of a sort generally considered to be sexual in nature. We, therefore, cannot say that the trial court abused its discretion in allowing this category of evidence to be admitted.

We conclude that only this last category discussed, the pictures of defendant and his daughter, was properly admitted.

Reversed and remanded for new trial.