Argued and submitted August 31, reversed and
remanded for a new trial December 30, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# ALAN HISEY,
*Appellant.*

## (No. 10-80-02691, CA A20603)

637 P2d 1388

David E. Groom, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for sodomy in the first degree. ORS 163.405. He contends that the trial court erred in admitting evidence of his prior acts of violence against the victim. We agree and reverse.

Defendant was charged with sodomizing his sister, who was under 16 years of age. The incident allegedly occurred when she went for a ride with the defendant in his car. The sister testified that, instead of driving home, the defendant stopped at Fern Ridge reservoir and forced her to engage in an act of sodomy.

Over defendant's objection, the trial court permitted the sister to testify to her prior mistreatment by defendant. She related several stories of assault, including one incident in which defendant pointed a pistol at her. Another time defendant tripped her, and she fell down some stairs. Once defendant had choked her. Defendant repeatedly objected to this testimony on the grounds of relevancy.

■■ Evidence of prior "bad acts" or crimes is admissible, if relevant, when its probative value outweighs the danger of prejudice to the defendant. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); *State v. O'Keefe,* 48 Or App 755, 617 P2d 938 (1980). For example, evidence of prior illicit sexual acts between the defendant and the victim is admissible to show the defendant's lustful disposition or propensity for illicit sexual relations with the victim. *State v. Pace,* 187 Or 498, 212 P2d 755 (1949); *State v. Eggleston,* 31 Or App 9, 569 P2d 1088 (1977), *rev den* (1978).

■ The state argues that, because prior acts of violence are admissible in *assault* cases to show the defendant's violent disposition toward the victim, *State v. Mills,* 39 Or App 85, 88, 591 P2d 396 (1979), and because most sex crimes are crimes of violence, it follows that prior acts of violence between a defendant charged with sodomy and the alleged victim should also be admissible. Accepting that sex crimes are generally crimes of violence, we note that the purpose for which evidence of prior violent acts or crimes is admitted is more limited than to prove the defendant's general violent inclination. In this state, such evidence in assault cases has been

admitted because of its relevancy to prove motive or intent[1] or to disprove self-defense or accidental occurrence. *State v. Klamert,* 253 Or 485, 455 P2d 607 (1969); *State v. Mills,* 39 Or App 85, 591 P2d 396 (1979); *State v. Fleischman,* 10 Or App 22, 495 P2d 277, *rev den* (1972).

■ Unlike in the assault cases, defendant here denies that the event alleged ever occurred. The proffered evidence does not contradict his version of what occurred but only demonstrates his general dislike for the victim, disregard for her well-being and his history of repeated mistreatment of her. Furthermore, none of the prior acts were similar in nature to the crime charged. The effect of the evidence was to show that defendant was mean and hostile and of bad character. What probative value the evidence may have had was outweighed by the danger of prejudice to defendant.

We turn to the question of whether the error was harmless. In *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973), the court reiterated the two requirements for affirmance despite error that were laid down in *State v. McLean,* 255 Or 464, 468 P2d 521 (1970):

> "(1)   that there was substantial and convincing evidence of guilt; and
> (2)   that the error committed was very unlikely to have changed the result of the trial." 266 Or at 25-6.

The incident allegedly occurred at night when defendant and his sister were in the front seat of his car. There were no witnesses. The victim had scoliosis and wore a back brace. There was testimony that she had great difficulty riding in cars and that, when she did, she had to recline in the back seat. She could not specifically recall when the incident occurred, but only that it happened between March and May, 1978. Credibility was a critical factor. We cannot say that the admission of evidence of defendant's malicious violent acts was harmless.

Reversed and remanded for a new trial.

---

[1] Intent was not an element of the crime with which defendant was charged, as the victim was his sister and under age 16. ORS 163.405(1)(c).