Argued and submitted October 22, 1985, reversed and remanded for new trial
April 16, 1986

STATE OF OREGON,
*Respondent,*

*v.*

LYNN H. VANDERHAM,
*Appellant.*

(151,227; 151,228; 151,229;
CA A35403 (Control), CA A35404; CA A35405)
(Cases Consolidated)

717 P2d 647

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant seeks reversal of his convictions for two counts of rape in the first degree, ORS 163.375, and one count of sexual penetration with a foreign object. ORS 163.411. He argues that the trial court erred in admitting evidence that he had possessed a pornographic magazine approximately two years before the crimes were committed. The error requires reversal and a new trial.

The crimes charged to defendant are of a kind considered particularly offensive and likely to inflame the passions of a jury. Defendant was accused of raping his wife's granddaughter, age 12, on two occasions during a June, 1983, visit. The child was the state's chief witness. She testified that defendant had also inflicted other sexual abuse, threats and physical injury upon her.

At a pretrial hearing, defendant moved *in limine* to exclude the anticipated testimony of defendant's stepson that defendant had given him a stack of adult magazines in 1981. Both the number and nature of the magazines was disputed at the hearing. Defendant denied that many of the magazines were hardcore pornography, as the stepson claimed. Defendant also argued that any testimony regarding the magazines was irrelevant and prejudicial and should be excluded. The trial court denied defendant's motion but limited the stepson's testimony to one particular magazine which he specifically recalled as having a nude photograph of a young girl on the cover. The state argues that his possession of that particular magazine is admissible evidence of defendant's sexual propensities toward children.

Defendant relies on *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975), in arguing that the disputed evidence was irrelevant and so prejudicial as to deny him a fair trial. The court said:

> "The fundamental rule of evidence is that in order to be admissible evidence must be relevant, *i.e.,* have some probative value to prove some issue in a case, and that all relevant evidence is admissible unless it falls within one of the so-called 'exclusionary' rules of evidence. * * * It is equally well established that evidence may be rejected, although relevant,

if its probative value is outweighed by various other considerations, including the danger of prejudice." 271 Or at 205. (Citations omitted.)

The probative value of evidence that defendant possessed the disputed magazine, two years before he allegedly raped the victim, is very slight at best. Not only was the evidence remote in terms of time, but the link between possession of the magazine and defendant's propensity to commit sexual offenses against children is tenuous, if not non-existent.

The situation before us is even less subject to judicial approval than that considered and disapproved in *State v. Hisey,* 55 Or App 427, 637 P2d 1388 (1981). In that case, the defendant was convicted of sodomy. He assigned error to the trial court's admission of evidence of the previous acts of violence toward the victim. We said:

> "Unlike in the assault cases, defendant here denies that the event alleged ever occurred. The proffered evidence does not contradict his version of what occurred but only demonstrates his general dislike for the victim, disregard for her well-being and his history of repeated mistreatment of her. Furthermore, *none of the prior acts were similar in nature to the crime charged. The effect of the evidence was to show that defendant was mean and hostile and of bad character. What probative value the evidence may have had was outweighed by the danger of prejudice to defendant."* 55 Or App at 430. (Emphasis supplied.)

*See State v. O'Keefe,* 48 Or App 755, 759, 617 P2d 938 (1980). Similarly, in the case at bar, the effect of the disputed evidence was to persuade the jury that defendant was of deviant bad character. OEC 404(3) states:

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith."

The trial court erred in admitting the evidence.

The state argues that, even if the testimony complained of was inadmissible, its admission was harmless:

> "[A]ny improperly inflamatory effect of [the stepson's] testimony concerning the magazine defendant gave him was limited by its brevity and generality, by defendant's response to it, and by the force of the remainder of the State's evidence.

It could not have had a significant effect upon the jury's assessment of defendant's character and credibility, or upon the verdict."

*See State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

The case hinged on the testimony of the victim. Although there was evidence tending to corroborate some of her testimony, there were no other witnesses to the crimes allegedly perpetrated by defendant. He denied any sexual contact with the victim. In a case which boils down virtually to a swearing match between the two principals, credibility is a crucial factor. *State v. Hisey, supra,* 55 Or App at 427. We cannot say that the admission of the testimony of defendant's stepson did not materially impair defendant's credibility or that it was harmless.

Reversed and remanded for a new trial.