Argued and submitted December 20, 1991, affirmed February 26, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# LAVERN DEAN HILL,
*Appellant.*

(8909-2329; CA A68341)

826 P2d 122

David B. Kuhns, Salem, argued the cause for appellant. With him on the brief was Todd & Kuhns, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were David Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Brenda J. Peterson, Assistant Attorney General, and Stephanie S. Andrus, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted of attempted sodomy in the first degree, attempted rape in the first degree and two counts of sexual abuse in the second degree.[1] We affirm.

■ Defendant assigns error to the court's denial of his motion to sever the charges for trial. In 1989, the legislature repealed *former* ORS 132.560(2) and replaced it with ORS 132.560(1)(b). Or Laws 1989, ch 842, § 1. Defendant committed the crimes before the effective date of the new statute, but the trial took place after it went into effect. The court applied ORS 132.560(1)(b):

"Two or more offenses may be charged in the same accusatory instrument in a separate count for each offense if the offenses charged, whether felony or misdemeanor or both, are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Because he committed the crimes before the effective date of ORS 132.560(1)(b), defendant argues that the court should have applied *former* ORS 132.560(2), which provided:

"When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The trial court applied the correct statute.

"The substantive rights and liabilities of persons affected by an event are defined by the law in effect at the time of the event, but the adjudication of those rights and liabilities is accomplished by the procedures in effect at the time of the adjudication." *Antonnaci v. Davis*, 108 Or App 693, 695, 816 P2d 1202 (1991).

---

[1] ORS 161.405(1); ORS 163.405; ORS 163.375 and ORS 163.425.

Whether the counts in an indictment receive consolidated or separate trials is a procedural issue.

Defendant claims that, even if ORS 132.560(1)(b) applies, the trial court abused its discretion by denying his motion to sever the counts. We disagree, because the court's ruling was not "clearly against * * * reason and evidence." *Lambert v. Sisters of St. Joseph*, 277 Or 223, 229, 560 P2d 262 (1977).

■ ■   Defendant also assigns error to the trial court's denial of his motion for a new trial,[2] made after his sister reported that, during the trial, she had heard defendant's probation officer offer the victim $200 for testifying. The trial court found no evidence that that had occurred. We review for abuse of discretion, *see Moore v. Adams*, 273 Or 576, 579, 542 P2d 490 (1975), and are bound by the trial court's findings of historical fact. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). The trial court did not abuse its discretion.

Finally, defendant argues that the court erred by imposing his sentence for attempted sodomy to run consecutive to a sentence for a previous conviction that he was currently serving. He failed to preserve this error at trial, and we decline to review it. ORAP 5.45(2).

Affirmed.

---

[2] The state asserts that we lack authority to consider the claim. That is incorrect. We will not consider an appeal of a denial of a motion for new trial made after entry of final judgment. *See State v. Sullens*, 106 Or App 590, 809 P2d 700, *rev allowed* 312 Or 80 (1991). However, in this case, defendant filed his motion before the trial court entered judgment.