Argued and submitted March 9, 1992, convictions affirmed; writs of garnishment and execution vacated; compensatory fine vacated; remanded for resentencing and reconsideration of writs and fine March 3, reconsideration denied April 28, petition for review denied July 27, 1993 (317 Or 272)

# STATE OF OREGON,
## *Respondent,*

### *v.*

# STEPHEN DAVID ROOD,
## *Appellant.*

(89-2518-C-1, 89-2520-C-1, 89-2521-C-1;
CA A69437 (Control), A69438, A69439)

848 P2d 128

Bryan E. Blodgett, Medford, argued the cause for appellant. With him on the brief were Grantland, Grensky & Blodgett, and William A. Mansfield, Medford.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

LEESON, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## LEESON, J.

Defendant was convicted of sodomy in the second degree, ORS 163.395,[1] two counts of sex abuse in the first degree, ORS 163.425,[2] and endangering the welfare of a minor. ORS 163.575. He was sentenced to a term of incarceration and to pay compensatory fines to the victims, including a $200,000 fine for the sodomy conviction. The trial court issued writs of execution and garnishment to collect those fines. We affirm the convictions, vacate the writs and the $200,000 compensatory fine, and remand.

In 1983, defendant adopted a male juvenile, SMR, who lived with him until June 24, 1989. In 1989, defendant took CJP, another male juvenile, into his home as a foster child, with the intent to adopt him. CJP also lived with defendant until June 24, 1989. On that date, SMR, then 15 years old, and CJP, then 8 years old, ran away together. They went to the home of acquaintenances, and explained that they ran away because defendant was sexually abusing them. The acquaintenances called the police. Defendant was charged by three separate indictments. The trial court granted the state's motion to consolidate the charges, and defendant was convicted after a jury trial.

■   Defendant first assigns error to the order consolidating the charges for trial. We review for abuse of discretion. *State v. Hill*, 111 Or App 629, 632, 826 P2d 122 (1992). ORS 132.560(1)(b) permits consolidation of charges in a single accusatory instrument if, *inter alia*, the charged offenses are of a similar character. ORS 132.560(2) permits consolidation of charges made by separate indictments if the charges could have been made by a single indictment pursuant to ORS 132.560(1).[3] All three indictments charged defendant with sexual conduct with male children he had brought to his home for purposes of adoption. The trial court correctly concluded that all the charged offenses were of a similar

---

[1] *Since amended by* Or Laws 1989, ch 359, § 3.

[2] *Since amended by* Or Laws 1991, ch 830, § 3, and renumbered ORS 163.427.

[3] ORS 132.560 was *amended by* Oregon Laws 1989, chapter 842, section 1. All of the charged conduct is alleged to have occurred before the effective date of that amendment. Nevertheless, the trial court correctly applied ORS 132.560, *as amended*, retroactively. *State v. Hill*, 111 Or App 629, 826 P2d 122 (1992).

character. Furthermore, the trial court's conclusion that defendant failed to demonstrate "substantial prejudice," ORS 132.560(3); *State v. Meyer*, 109 Or App 598, 820 P2d 861 (1991), *rev den* 312 Or 677 (1992), was not "clearly against * * * reason and evidence." *State v. Hill, supra*, 111 Or App at 632. We find no error.

■  Second, defendant assigns error to the trial court's denial of his pre-trial "motion to produce [CJP] as a witness to make an offer of proof."[4] His motion was to put CJP "on the stand prior to trial" to determine if CJP would recant accusations that he had made when he was less than three years old that his biological father and his father's friend sexually abused him. Defendant argues that denial of that motion violated his confrontation rights.[5] *State v. LeClair*, 83 Or App 121, 130, 730 P2d 609 (1986), *rev den* 303 Or 74 (1987), recognizes a right of defendants "to cross-examine the complaining witness in front of the jury concerning other accusations." It does not hold that that right extends to requiring *pre-trial* testimony. CJP testified at trial. Defendant does not argue that the court limited his examination of CJP at that time. The trial court's denial of defendant's motion did not violate his confrontation rights.[6]

■  Defendant's next three assignments of error are directed at rulings admitting evidence offered by the state. The third assignment is that the trial court erred by denying his motion *in limine* to exclude evidence of prior uncharged sexual abuse of SMR. He contends that the record does not demonstrate that the court followed the analysis required by *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), for ruling on admissibility of evidence of uncharged misconduct. The

---

[4] Defendant's characterization of his motion as an "offer of proof" is puzzling. He had not attempted to introduce any evidence, nor had the state sought to exclude any, at the time he made the motion.

[5] The Oregon Constitution, Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face * * *."

The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

[6] Defendant's additional argument that denial of that motion violated his Fourteenth Amendment Due Process rights, is without merit.

transcript shows that, during argument on defendant's motion to exclude the evidence, the trial court considered both its relevance and its prejudicial effect. The court implicitly followed the *Johns* analysis in its ruling, and that is sufficient. *State v. Smith*, 86 Or App 239, 247, 739 P2d 577 (1987).

■     Defendant's fourth assignment is that the trial court erred by permitting the state to cross-examine him about whether he took SMR to a "clothing optional resort." The prosecutor asked defendant, without objection, whether the boys ever saw him naked around the house. He responded that they did not. The prosecutor then asked, again without objection, whether the boys ever saw him naked. He testified that they never saw him naked, except possibly going between the bathroom and his bedroom. The court then permitted the prosecutor, over objection, to ask defendant whether he had ever taken SMR to a clothing optional resort. Defendant testified that he had. He now argues that "the [state] was not entitled to trap [him] on a collateral matter." His argument appears to invoke the rule that extrinsic evidence may not be used to impeach a witness on a collateral matter. *State v. Moore*, 103 Or App 440, 444, 797 P2d 1073 (1990), *rev den* 311 Or 151 (1991). The flaw in his argument is that the state did not offer any extrinsic evidence. It impeached defendant by his own testimony on cross-examination. The trial court did not err by denying the objection.[7]

■     Defendant's fifth assignment is that the trial court erred by admitting two x-rated videos taken from him by SMR, the testimony of two video store clerks regarding defendant's purchase of x-rated videos while both boys were with him and credit card receipts reflecting the purchase of x-rated videos. Defendant relies primarily on *State v. Vanderham*, 78 Or App 589, 717 P2d 647 (1986), where we held that it was reversible error to admit evidence that the defendant possessed a pornographic magazine two years earlier to prove his propensity to commit a sex crime. We find defendant's reliance misplaced.

---

[7] Defendant also repeats his argument from the third assignment of error that the court erred by failing to expressly follow the *Johns* analysis in ruling on the admissibility of the evidence. The same answer applies.

The evidence that defendant had x-rated videos was already before the jury. SMR had testified that defendant's sexual contact with him usually took place in the living room; that x-rated videos were played every time defendant abused him, except when the abuse occurred in the bedroom; that an x-rated video was played on one occasion when defendant sodomized him; and that a few days before the boys ran away, he saw defendant masturbating while watching one of the tapes. CJP had testified that he thought defendant had played an x-rated video for him once. Unlike in *Vanderham*, the challenged evidence was not offered to prove defendant's propensity to commit the crimes. It corroborated SMR and CJP's description of the circumstances and events surrounding the crimes. On these facts, we cannot say that the trial court abused its discretion by concluding that the probative value of the evidence was not substantially outweighed by its prejudicial effect.

■    Defendant's sixth assignment of error regards denial of his motion for an order allowing him to inspect confidential Children's Services Division records. The trial court inspected the records *in camera* and determined that there was no good cause for disclosure. It would have been error to grant defendant's motion under those circumstances, because "the *in camera* examination [must] be made by the trial judge, not by a party or counsel for a party." *State ex rel Carlile v. Lewis*, 310 Or 541, 545, 800 P2d 786 (1990).

■    Next, defendant challenges the trial court's refusal to admit a 1988 "home study report," an attached cover letter, and certain testimony of the caseworker who prepared the report and the letter. The report was prepared as part of the process defendant undertook to adopt CJP. A caseworker visited defendant's home and interviewed him and SMR. The report describes, in terms favorable to defendant, his home and neighborhood, teaching and real estate endeavors, upbringing, religious beliefs, parenting attitudes, and relationship with SMR. It concludes with a favorable evaluation of the suitability of his home for an adopted child. The cover letter expresses similar sentiments. The trial court rejected defendant's arguments that the report and letter were admissible character evidence, and that they were admissible to

impeach SMR and CJP's testimony that they had been sexually abused. It ruled that the caseworker could testify as to whether SMR complained to her of sexual abuse, and whether she observed any x-rated videos or sexually oriented magazines during her visit to the house.

■　On appeal, defendant abandons the argument that the report and letter were substantively admissible as character evidence. He argues only that the evidence should have been admitted because it contradicts the testimony of SMR and CJP that they were sexually abused, and, therefore, was relevant for impeachment. To be used for impeachment, a contradictory statement must be "reasonably precise" and not merely a "recitation of opinion and character." Cf. *State v. Hayes*, 117 Or App 202, 205, 843 P2d 948 (1992). In the context of the statements defendant sought to impeach, the report and letter are not reasonably precise and are merely recitations of opinion and character. There was no error in refusing to admit them.[8]

Defendant next argues that the trial court exceeded its statutory authority by imposing a $200,000 compensatory fine for the sodomy conviction. The state concedes that the court lacked authority to impose a compensatory fine for that conviction in excess of $100,000. ORS 161.625(1). We accept that concession, and vacate the $200,000 compensatory fine.

■　Finally, defendant argues that the trial court erred by issuing writs of execution and garnishment for the compensatory fines, because he is incarcerated and the court did not make an express finding that he had the assets to pay the amounts ordered. ORS 161.675(1) provides, in part:

> "If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose shall not be enforceable during the period of imprisonment unless the court expressly finds that the defendant has assets to pay all or part of the amounts ordered at the time of sentencing."

The state argues that an implicit finding of ability to pay is sufficient under *State v. Wise*, 40 Or App 303, 308-09, 594 P2d 1313 (1979). In *Wise*, funds earmarked to satisfy an order to

---

[8] Defendant also notes in a closing sentence that the report was relevant to a defense theory. Because that argument is not developed, we do not address it.

pay costs were in the court's possession. We held that ordering payment of costs from those funds complied with the statutory requirement of an express finding that the defendant had assets to pay the amounts ordered. There were no such funds in this case. The statute requires an express finding as the basis of the court's authority to enforce the fine while defendant is incarcerated. Issuance of the writs without making an express finding of ability to pay was error. *Cf. State v. Racicot*, 106 Or App 557, 561, 809 P2d 726 (1991). The writs are therefore vacated, and the question is remanded.

Convictions affirmed; writs of garnishment and execution vacated; $200,000 compensatory fine vacated; remanded for resentencing and reconsideration of writs and fine.