Argued and submitted January 7, affirmed March 23, 1994

# STATE OF OREGON,
## *Respondent,*

### *v.*

# MICHAEL STEPHEN MILLAR,
## *Appellant.*

## (CR90-497; CA A74602)

871 P2d 482

Terrance L. Hogan argued the cause for appellant. On the brief were David A. Corden and Corden & Mendez.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of sexual abuse in the first degree. *Former* ORS 163.425.[1] He assigns error to the trial court's denial of his motion to exclude evidence. We affirm.

Defendant resided with his grandmother's brother in Carlton. Because the bedrooms in the house were used for storage, defendant slept on a couch in the living room. The eight-year-old victim and her family resided in a trailer in the driveway of the Carlton residence. On October 23, 1990, the victim's mother walked into the living room of the residence and saw defendant leaning over the back of the couch with his hand inside the front of the victim's pants. When defendant and the victim saw her mother enter the room, they jumped to opposite corners of the couch and lowered their heads.

The next day, while the victim's father and grandfather were moving the couch in order to reach the baseboard heater, they found a number of pornographic magazines underneath the couch. Five months later, the victim's mother and father informed the prosecutor about the magazines and gave one of the magazines to the police. The victim's parents testified that some of the magazines were lost and others were thrown away. The victim's grandfather described one of the lost magazines as a "kiddy porn" magazine that had "naked children in it."

■ Defendant argues that the court erred in admitting into evidence a pornographic magazine entitled "Tender Shavers."[2] He first contends that the state failed to prove by a preponderance of the evidence that the magazine belonged to

---

[1] ORS 163.425 was renumbered ORS 163.427 in 1991. Or Laws 1991, ch 830, § 2. *Former* ORS 163.425(1)(a) provided that "[a] person commits sexual abuse in the second degree when that person subjects another to sexual contact." ORS 163.305(6) defines "sexual contact" to include

"any touching of the sexual or other intimate parts of a person * * * for the purpose of arousing or gratifying the sexual desire of either party."

[2] Defendant also assigns error separately to the admission of testimony that the magazines found by the victim's parents were "girl magazines." We do not address that assignment of error separately, because, if the "Tender Shavers" magazine was properly admitted, any evidentiary error in allowing the reference to "girl magazines" or magazines with pictures of "naked * * * women" is harmless. We note also that defendant does not assign error to the victim's grandfather's testimony that one of the magazines found under the couch but later lost was a "kiddy porn" magazine that had "naked children in it."

him. That issue presents a preliminary question of fact under OEC 104(1).[3] We, therefore, "view the record consistent with the trial court's ruling * * *, accepting reasonable inferences and reasonable credibility choices that the trial court could have made." *See State v. Carlson*, 311 Or 201, 214, 808 P2d 1002 (1991).

The magazine was not turned over to the police for several months, and it was the victim's parents who claimed that the magazine was found under the couch. However, the evidence also showed that only defendant and his grandmother's brother had lived in the house. In the months preceding defendant's alleged sexual contact with the victim, he regularly slept on the couch. The victim's mother and father denied ownership of the magazine. There is sufficient evidence to support the trial court's finding that the magazine found under the couch belonged to defendant.

Defendant next argues that, even if the evidence was sufficient to connect him to the magazine, it was not independently relevant for a noncharacter purpose. His argument that the magazine "Tender Shavers" was not relevant rests primarily on our decision in *State v. Vanderham*, 78 Or App 589, 717 P2d 647 (1986). There, we held that the trial court erred in permitting testimony that, two years before the defendant allegedly raped the victim, he had possessed a magazine with a nude photograph of a young girl on the cover. We held that the testimony should not have been admitted because

> "[t]he probative value of evidence that defendant possessed the disputed magazine, two years before he allegedly raped the victim, is very slight at best. Not only was the evidence remote in terms of time, but the link between possession of the magazine and defendant's propensity to commit sexual offenses against children is tenuous, if not nonexistent." 78 Or App at 592.

---

[3] OEC 104(1) provides:

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege or the admissibility of evidence shall be determined by the court, subject to the provisions of subsection (2) of this section. In making its determination the court is not bound by the rules of evidence except those with respect to privileges."

■    *Vanderham* is consistent with the general proposition that the possession of sexually explicit material is seldom sufficient to prove that the person possessing the material has a propensity[4] for sexual misconduct. *See State v. Hunter*, 48 Or App 339, 617 P2d 273 (1980). However, the possession of sexually explicit material can be relevant and admissible when it tends to prove a specific fact or issue in the case. For example, in *State v. Rood*, 118 Or App 480, 848 P2d 128, *rev den* 317 Or 272 (1993), we rejected the defendant's argument, based on *Vanderham*, that it was error to admit evidence that the defendant had purchased "x-rated videos." In *Rood*, the victims testified that the defendant had abused them while showing them x-rated videotapes. We said:

> "Unlike in *Vanderham*, the challenged evidence was not offered to prove defendant's propensity to commit the crimes. It corroborated [the victims'] description of the circumstances and events surrounding the crimes. On these facts, we cannot say that the trial court abused its discretion by concluding that the probative value of the evidence was not substantially outweighed by its prejudicial effect." 118 Or App at 485.

Defendant admitted at trial that he placed his hand down the front of the victim's pants. However, he claimed that he was merely attempting to retrieve a toy that the victim had placed in her pants and that his hand did not touch the victim's genital area. Accordingly, the central issue at trial was whether defendant intended sexual contact with the victim when he reached down the front of her pants.

■    OEC 401 provides:

> " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The proper inquiry in determining a question of logical relevance is whether the item of evidence " 'even slightly increase[s] or decrease[s] the probability of the existence of any material fact in issue[.]' " *State v. Gailey*, 301 Or 563,

---

[4] The word "propensity" is defined as "a natural inclination; innate or inherent tendency." *Webster's Third New International Dictionary* 1817 (unabridged 1976).

567, 725 P2d 328 (1986) (quoting to Imwinkelried, *Uncharged Misconduct Evidence* 45, § 2.17 (1984)).

The "Tender Shavers" magazine contains photographs of young women displaying their genitalia. The prosecutor's pre-trial memorandum gives this description of the magazine:

> "It purports to be photographs of only 'over 18 year-olds', however, at least three of the four females featured in the magazine appear to be younger than 18 and all have shaved pubic hair, presumably to make them appear younger. The cover of the magazine shows a young nude female, with no pubic hair, wearing tennis shoes and bobby sox, with her finger in her mouth in a decidedly 'babyish' pose."

In other words, the title of the magazine and manner in which the models are featured is intended to convey the impression that the primary focus of the magazine is the exhibition of the genitalia of girls in their early teens.

The state argued that defendant touched the victim's "genitalia and pubic area." Defendant's possession of that magazine tends to prove that defendant had a heightened sexual interest in the genital area of teenage girls. A jury could infer from defendant's possession of the magazine that, when defendant put his hand inside the front of the victim's pants, he was not trying to retrieve a toy, but intended sexual contact with her by touching her genital area.

Finally, defendant argues that, even if the evidence was relevant, any probative value was outweighed by its potential prejudicial effect. OEC 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

Under OEC 403, the court balances the risks of evidence against its benefits. *State v. Hampton*, 317 Or 251, 259, 855 P2d 621 (1993). In making the risks-benefit analysis under OEC 403, the court considers the state's need for the evidence, the strength of the evidence, the quantum of probative value of the evidence, the risk of unfair prejudice to defendant, the time required to present the evidence and

whether the evidence would distract the jury. Defendant does not appear to contend that the trial court did not engage in the balancing process required under OEC 403, only that it reached the wrong result. Our review is to determine whether the court's determination under OEC 403 is supported by the record and whether the court abused its discretion. *See State v. Painter*, 113 Or App 337, 343, 833 P2d 303, *rev den* 314 Or 392 (1992).

There was no error. The key issue at trial was whether defendant intended sexual contact when he placed his hand inside the front of the victim's pants. There was little doubt that the magazine belonged to defendant. The state needed the evidence, because it tended to prove defendant intended sexual contact with the victim and rebutted defendant's claim that he was only seeking a toy the victim had placed in her pants. Presentation of the evidence was not unduly time consuming or confusing. The evidence is, without question, prejudicial, because a juror could be offended by defendant's possession of such sexually explicit material. However, when balanced against the probative value of the evidence, we conclude that the trial court did not abuse its discretion under OEC 403.

Affirmed.