Submitted July 8, 2013, affirmed May 21, petition for review denied September 11, 2014 (356 Or 163)

JIM JOSEPH VANECEK,
*Petitioner-Appellant,*

*v.*

Rick ANGELOZZI,
Superintendent,
Warner Creek Correctional Facility,
*Defendant-Respondent.*

Lake County Circuit Court
090184CV; A148914

326 P3d 622

James N. Varner filed the brief for appellant. Jim Joseph Vanecek filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

**SCHUMAN, S. J.**

In this post-conviction case, petitioner alleges that his counsel at his criminal trial provided him with constitutionally inadequate representation by failing to object to the admission of testimony regarding some of petitioner's uncharged conduct. In the underlying case, petitioner was convicted of one count of first-degree sexual abuse, ORS 163.427(1)(a)(A), and one count of second-degree unlawful sexual penetration, ORS 163.408(1), involving a 13-year-old girl. He now argues that adequate trial counsel would have objected to evidence that petitioner viewed Internet pornography and pornographic magazines depicting young-looking women in sexual activity; to evidence that he sexually abused one of the victim's friends; and to evidence that, eight years before the charged conduct, when he was 25, he had been convicted of sexually abusing a 15-year-old girl. We conclude that, even if we were to agree with petitioner that his trial counsel was inadequate as alleged—a conclusion we do not reach or even imply—petitioner has not carried his burden of establishing that any inadequacy of counsel was prejudicial. We therefore affirm.

Petitioner, as appellant, has the obligation to present "[a] concise summary, without argument, of all the facts of the case material to determination of the appeal. The summary shall be in narrative form with references to the places in the transcript, narrative statement, audio record, record, or excerpt where such facts appear." ORAP 5.40(9). He does not do so. Instead, he quotes (for 19 single-spaced pages) his post-conviction trial court memorandum, but the "factual background" section of the memorandum is two short paragraphs reciting what petitioner was charged with, what he was convicted of, and who his trial counsel was. The rest of the memo, and of the brief's "Statement of Facts," consists of a witness-by-witness summary of the testimony at the criminal trial, without citing anything in the trial court transcript or record, quoting from the court's findings of facts or, for that matter, indicating whether there were any. The state's brief contains no statement of facts. Petitioner was charged with putting his hand down the pants of 13-year-old C and inserting his finger into her vagina. Petitioner denied all of the accusations; his theory

at trial was apparently that C falsely accused him because she had taken her sister's side in a dispute between the sister and petitioner, and that, to the extent that there was any sexual contact, it was an accidental touching during horseplay. Petitioner was convicted of first-degree sexual abuse (Count 2) and second-degree unlawful penetration (Count 4) with respect to C and acquitted of two other charges.

During trial, the state presented evidence, without objection, that C's sister had seen petitioner looking at Internet pornography and "incest stories" as well as pornographic magazines depicting nude teenage girls; evidence of alleged uncharged sexual contact between petitioner and one of C's schoolmates; and evidence that petitioner had been convicted of "contributing to the sexual delinquency of a minor for having sex with a 15-year-old juvenile when he was 25 years old." As noted, petitioner was convicted of two charges. On direct appeal, we affirmed the convictions without opinion. Petitioner subsequently brought this action for post-conviction relief. The post-conviction court determined that (1) regarding the pornographic material, an objection to its admission would have lacked legal merit and, in any event, petitioner did not submit evidence that the trial court, as finder of fact, relied on that information in reaching its verdict; (2) regarding the testimony about sexually touching C's friend, the objection would have lacked legal merit because it was relevant to disprove petitioner's claim that the touching was accidental; and (3) regarding the earlier conviction, the state never questioned petitioner about that incident—he volunteered it himself. Petitioner now challenges these determinations by the post-conviction court. We reject his challenge to the second and third determinations without discussion.

In order to obtain post-conviction relief for inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, petitioner must show, "by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991); *Bogle v. Armenakis*, 172 Or App 55, 59, 18 P3d 390 (2001). To prove prejudice, petitioner must establish that his trial counsel's

deficient exercise of skill and judgment had a *"'tendency to affect the result* of the prosecution \* \* \*.'" *Trujillo*, 312 Or at 435 (quoting *Krummacher v. Gierloff*, 290 Or 867, 883, 627 P2d 458 (1981) (emphasis added)); *see also Bogle*, 172 Or App at 64. Failure to lodge an objection to the admission of evidence is not inadequate assistance if the evidence was, in fact, admissible. *Peiffer v. Hoyt*, 339 Or 649, 660, 125 P3d 734 (2005).

Petitioner's argument regarding the evidence of his viewing pornography is less than abbreviated. He relies on two cases: *State v. Vanderham*, 78 Or App 589, 592, 717 P2d 647 (1986), in which this court rejected the state's argument that the defendant's possession of a magazine with a young girl on the cover was admissible evidence, because "the link between possession of the magazine and [the] defendant's propensity to commit sexual offenses against children is tenuous, if not non-existent"; and *State v. Millar*, 127 Or App 76, 80, 871 P2d 482 (1994), where we noted that

> "*Vanderham* is consistent with the general proposition that the possession of sexually explicit material is seldom sufficient to prove that the person possessing the material has a propensity for sexual misconduct. However, the possession of sexually explicit material can be relevant and admissible when it tends to prove a specific fact or issue[.]"

(Internal citation omitted.) Beyond citing and describing those cases, petitioner merely asserts:

> "In petitioner's case, the state introduced evidence of his viewing incestuous pornography including minors and DVDs and magazines depicting alleged teenage girls to prove sexual predisposition towards minors and to prove intent. Regardless of how the state characterized its motive for introducing the evidence, it was not relevant for those purposes. \* \* \* [It] has no logical connection to any material fact in the state's case. It is pure and simple propensity evidence."

Petitioner confuses assertion with reasoned (and persuasive) argument, both with respect to the purported inadequacy of counsel's performance and any supposed consequent prejudice. In particular, petitioner offers no cogent explanation as to why, in the totality of the circumstances of the predicate criminal trial, including the nature of the defense

(*viz.*, that some of the charged conduct was inadvertent, not intentional)—and given *Millar*, in which we sustained the admission of similar evidence in closely analogous circumstances—constitutionally competent counsel would have objected to the evidence pertaining to possession of pornography. *See Millar*, 127 Or App at 81 ("A jury could infer from defendant's possession of the magazine [whose ostensible 'primary focus' was the 'exhibition of genitalia of girls in their early teens'] that, when defendant put his hand inside the front of the victim's pants, he was not trying to retrieve a toy, but intended sexual contact with her by touching her genital area"). Further, and finally, petitioner's "straw that broke the camel's back" prejudice postulate insupportably assumes that, notwithstanding the limited purpose for which the evidence was offered, the criminal trial court nevertheless (and in patent violation of OEC 404) relied on that evidence for propensity purposes in convicting defendant.

Affirmed.