Argued and submitted May 7, Court of Appeals reversed and case remanded to circuit court for further proceedings August 26, 1986

## STATE OF OREGON,
*Respondent on review,*

*v.*

## MARK EDWARD GAILEY,
*Petitioner on review.*

(CC 44751; CA A36510; SC S32500)

725 P2d 328

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent on review. With him were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

JONES, J.

## JONES, J.

Defendant was convicted by a jury of first degree burglary. Defendant appealed, contending that the trial court erred in admitting testimony regarding defendant's alleged participation in a prior burglary. The Court of Appeals affirmed without opinion, and defendant petitions this court for review. We reverse the Court of Appeals.

## FACTS

On the morning of March 21, 1985, Mary Ellen Burke drove to her house near Corvallis in Benton County and saw a turquoise Chevrolet automobile that she did not recognize parked in her driveway. When she entered her house, Mrs. Burke noticed a door that should have been locked standing ajar and found a jewelry box from the bedroom on the dining room table. In the bedroom, dresser drawers and contents were scattered on the floor.

Mrs. Burke immediately telephoned the Corvallis police to report that her house had been burglarized. She told them the first three letters of the Chevrolet's license place, "GET," and that the car had a "USA-1" front license place. While she was talking to the police, two men approached the front door of the house and rang the doorbell. She handed the telephone to her son and answered the door. The men told her that they had dropped off two hitchhikers and had agreed to meet them at the Burke house but could not find them. Mrs. Burke told the men that her house had been burglarized and she had called the police. The two men quickly got into the Chevrolet and left.

A Benton County deputy sheriff radioed Mrs. Burke's description of the Chevrolet to local police. At 11:30 that morning two miles from the Burke residence, a Corvallis police officer stopped defendant's vehicle, an aqua Chevrolet Nova with a "USA-1" front license plate and license plate number "GET 678." When questioned, defendant told the officer that he had left two hitchhikers at the Burke house and later became suspicious of them and returned to the house. When he returned, he saw the two hitchhikers running away from the Burke house.

Defendant was taken to jail and charged with the March 21 burglary of the Burke house. When police searched

defendant's car, they discovered jewelry later determined to have been stolen from a house in Lane County near Eugene on March 20, 1984. They also seized surgical gloves and a crowbar but did not recover from defendant or his car any property stolen from the Burke house. No fingerprints from defendant or his passenger were found in either of the two burglarized houses.

In a pretrial hearing, the state sought to introduce evidence concerning the March 20 Lane County burglary of the residence of Mr. and Mrs. Place. Jewelry found in the trunk of defendant's car had been identified as being stolen from the Place residence. The state argued that the evidence of the March 20 burglary would show defendant's knowledge, intent or lack of mistake concerning the March 21 burglary. Defendant contended that the evidence of the March 20 burglary was not relevant to the March 21 burglary and, if relevant, its probative value would be outweighed by the prejudicial effect on the jury. The trial judge overruled defendant's objections and allowed the state to introduce evidence of the prior burglary to show knowledge, intent, style and absence of mistake.

At the ensuing trial, the state offered evidence and testimony from several witnesses regarding the March 20 burglary. One witness, Joyce Place, testified that on March 20 she discovered that her house had been burglarized and jewelry stolen. This was the jewelry that police later seized from defendant's car after his arrest. A neighbor of Place, Nanette Hoskins, testified that on March 20 she became suspicious of an unfamiliar blue car parked near her house. Hoskins wrote down the car's license plate number, which was GET 678.

After the testimony of Hoskins and Place, the judge instructed the jury that evidence of the March 20 burglary could be considered "only on what bearing you find that it has on the defendant's knowledge or intent or lack of mistake in relation to the crime charged here in this indictment which occurred on March 21st." The jury convicted defendant of the March 21 burglary.

We allowed defendant's petition for review, together with *State v. Johns,* 301 Or 535, 725 P2d 312 (1986), and *State v. Allen,* 301 Or 569, 725 P2d 331 (1986), to decide whether the

similar crime evidence in this case is admissible under OEC 404(3).

If defendant was found with property stolen from the Burke residence, such evidence clearly would be admissible as circumstantial evidence of guilt, although it also might be evidence of another crime, to wit, theft in the first degree, ORS 164.055, or concealing stolen property, ORS 164.095. But does evidence that defendant was found with property recently stolen from a home in another county in any way prove that he burglarized the Burke home? The proper inquiry is: "Does the item of evidence even slightly increase or decrease the probability of the existence of any material fact in issue? If the item of evidence affects the balance of probabilities to any degree, it is logically relevant. *See* Imwinkelried, Uncharged Misconduct 45, § 2.17 (1984). If the other crime evidence is irrelevant under this test by having no tendency in reason to prove any material fact, the trial judge must exclude it. As we set forth in *State v. Johns, supra,* 301 Or at 548-49, if the *only* relevance the prior crime evidence possesses is to prove this defendant had a propensity to burglarize, the evidence must be excluded.

The experienced trial judge was well aware that other crime evidence cannot be admitted simply to demonstrate that defendant is a bad character or, in this case, a burglar. He said so in his preliminary remarks. Nevertheless, during the press of pretrial litigation he did not make any findings that would justify admission of evidence as having any tendency to prove that defendant burglarized the Burke residence. All this evidence proved was that defendant possessed stolen property from a burglary committed at a different time and place; this did not justify admitting such evidence on a theory that a person who possessed recently stolen property from the Place residence must have recently burglarized the Burke dwelling. Such evidence does not place this defendant in the Burke home.

As we pointed out in *State v. Johns, supra,* 301 Or at 549, before jumping into categories or illustrations listed in OEC 404(3), the basic relevance issue must be pinpointed. The state had the burden to prove beyond a reasonable doubt that this defendant burglarized the Burke house. The other crime evidence was not relevant to that issue. The attempt to

transform inapplicable examples listed in the second sentence of OEC 404(3) into relevant evidence led the trial court to commit reversible error.

As mentioned, the trial judge admitted the evidence because he thought it relevant to "the defendant's knowledge or intent or lack of mistake in relation to the crime charged." None of these grounds was logically relevant.

1. *Knowledge.* No logical inference can be drawn that because defendant possessed stolen property from the unrelated burglary that he knew anything about the Burke burglary.

2. *Intent or lack of mistake.* The defendant did not contend that he was in Mrs. Burke's home by accident or mistake with no intent to steal. Once again, no logical inference can be drawn that because defendant possessed stolen goods from another burglary, he therefore intended to burglarize Mrs. Burke's home. At best all that can be inferred is that persons who possess stolen property intend to steal and that if defendant had entered the Burke home he would have had the intent to steal. But this reasoning has a fatal gap because no evidence directly or circumstantially places this defendant in the Burke home.

3. *Identity.* This evidence also was not relevant to the question of identity because the burglary was not a signature-type crime. The judge stated in his pretrial ruling on this issue that he was also admitting this evidence to prove "the style of the burglar as far as taking primarily the jewelry." Nothing unique about the Place and Burke burglaries would tie this defendant from one burglary to the other. No novel "style" was involved.

This case demonstrates that the "Prosecutor's Delight," *see* Imwinkelried, *supra* at 8, § 1:04, can easily become a prosecutor's folly when other crime evidence is stretched beyond its basic logical relevance. The Court of Appeals is reversed and the case is remanded to the trial court for further proceedings.