Argued and submitted November 30, 1992, affirmed July 14, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# GABINO NUNEZ,
*Appellant.*

## (91-05-5276-C; CA A72761)

855 P2d 1162

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Defendant appeals his conviction for possession of more than an ounce of marijuana. ORS 475.992(4). He assigns error to the court's denial of his motion to exclude evidence. We affirm.

On January 21, 1991, law enforcement officers searched defendant's home, pursuant to a warrant, and found $3,200 in his bedroom. A drug detection dog reacted to the money, indicating that it had been contaminated by drugs. Officers also found rent receipts for residences where defendant did not live and a safe deposit box key in defendant's wife's purse. They also uncovered a receipt for a rental storage unit.

The officers determined the location of the safe deposit box and, pursuant to a warrant, searched it. They found several vehicle titles not in defendant's name and $49,300 in cash. Pursuant to a warrant, they also searched the rental storage unit and found 5.2 ounces of marijuana in a white box. Shortly thereafter, the owners of the storage facility discovered another 8.7 ounces of marijuana in a plastic bag. The owners of the facility testified that defendant had rented and paid for the unit and that he went into the unit "quite often."

At trial, defendant contended that the marijuana was not his and that he did not know that it was in the storage unit. He testified that he took his belongings out of the unit in August, 1988, but that he had allowed two brothers-in-law to use the unit thereafter. He also denied that he had paid the rent on the unit since he had removed his belongings.

Before trial, defendant filed a motion to exclude evidence of his involvement in a drug delivery conspiracy. The court declined to rule on the admissability of the evidence until it had been offered at trial. *See Youngbluth v. Peoples*, 50 Or App 289, 292, 622 P2d 1144 (1980), *rev den* 290 Or 727 (1981). At trial, defendant did not object to testimony concerning the manner in which "Hispanic drug families" operate, the criminal drug activities of various relatives with whom defendant was closely associated, and the fact that

drug dealers often keep phantom vehicle titles and pay rent on multiple homes for "runners and street dealers."[1]

Instead, defendant objected to the introduction of the key to the safe deposit box, photographs of the contents of the box depicting vehicle titles bundled together with various amounts of cash, rental receipts for various residences, photographs of defendant's home and its contents and records of defendant's Mexican bank account. Defendant contends that that evidence was irrelevant, because it did not tend to prove that he possessed the marijuana found at the storage unit.

OEC 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The proper inquiry to determine relevancy is generally whether the evidence even slightly increases or decreases the probability of a material fact in issue. *State v. Gailey*, 301 Or 563, 567, 725 P2d 328 (1986).

The state's evidence about the typical practices of drug dealers was admitted without objection. Standing alone, that evidence proved little about defendant. Similarly, the specific evidence that defendant did object to, when viewed in isolation, proved little about who possessed the marijuana in the storage unit. However, when the evidence is considered as a whole, it tends to show that defendant was a drug dealer involved in a drug delivery conspiracy. The evidence was relevant, because it tended to prove that the marijuana found in the storage unit belonged to defendant. *See State v. Smith*, 40 Or App 91, 594 P2d 860 (1979); *State v. Washington*, 36 Or App 547, 585 P2d 24, *rev den* 284 Or 341 (1978).

Defendant also argues, generally, that the evidence was so prejudicial that it ought to be excluded under OEC 403.[2] We review the trial court's ruling on that issue for an

---

[1] Because defendant did not object to that testimony at trial, there is no ruling for us to review. *See Goodson v. General Telephone*, 49 Or App 605, 611, 620 P2d 926 (1980).

[2] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

abuse of discretion, *State v. Hubbard*, 297 Or 789, 797, 688 P2d 1311 (1984), and find none.

Affirmed.

---

issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."