Argued and submitted May 7, decision of the Court of Appeals and judgment of the
circuit court affirmed July 29, 1993

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# TODD LEE HAMPTON,
*Petitioner on Review.*

## (CC C91-01-30249; CA A69310; SC S39900)

855 P2d 621

David E. Groom, Deputy Public Defender, Salem, argued the cause on behalf of petitioner on review. On the petition were Sally L. Avera, Public Defender, and Ingrid A. Mac-Farlane, Deputy Public Defender, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause on behalf of respondent on review. With her on the response to the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

UNIS, J.

## UNIS, J.

The issue in this case is whether the trial court erred in admitting evidence in defendant's trial for assault in the second degree, ORS 163.175,[1] that defendant was on parole at the time of the alleged assault, that he was not in contact with his parole officer, and that there was an outstanding warrant for his arrest for a parole violation (collectively referred to in this opinion as evidence of defendant's parole status). We hold that it did not.

Defendant was charged with assault in the second degree for hitting a police officer on the head with a bottle. The state contended that defendant did so in the midst of a struggle when the officer attempted to arrest defendant.[2] At trial, defendant denied hitting the officer on the head with a bottle. Evidence of defendant's parole status was admitted to show that defendant had a motive to commit the assault. Defendant argued unsuccessfully that the evidence was irrelevant and unfairly prejudicial. From his conviction by a jury, defendant appealed, repeating the arguments that he made in the trial court. The Court of Appeals affirmed. *State v. Hampton*, 117 Or App 89, 843 P2d 483 (1992). We allowed defendant's petition for review. We also affirm.

The general rule is that the prosecution may not introduce evidence of other crimes, wrongs, or acts committed by a defendant to suggest that, because the defendant is a person of criminal character, it is more probable that the defendant committed the crime for which he or she is on trial. OEC 404(3);[3] *State v. Johnson*, 313 Or 189, 194, 832 P2d 443

---

[1] ORS 163.175(1)(b) provides that a person commits the crime of assault in the second degree if the person "[i]ntentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon."

[2] The indictment charged that defendant "did unlawfully and knowingly cause physical injury to Multnomah County Sheriff's Office Deputy Michael Reese by means of a dangerous weapon, to-wit: a bottle, by breaking it over his head."

Although ORS 163.175(1)(b) defines the crime of assault in the second degree to include an act done "knowingly" or "intentionally," our analysis will refer only to "knowingly" because the indictment charged only that defendant acted "knowingly."

[3] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of

(1992). Evidence of other crimes, wrongs, or acts may be admitted, however, if it is introduced to prove some other relevant purpose, such as to prove a defendant's motive for committing the crime. OEC 404(3); *State v. Johnson, supra,* 313 Or at 194.

A three-part test, the first two parts of which are relevancy considerations and the third part of which involves the OEC 403[4] balancing test, governs the admissibility of evidence of other crimes, wrongs, or acts for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" under OEC 404(3):

> "(1) The evidence must be independently relevant for a noncharacter purpose [such as, in this case, proof of motive]; (2) the proponent of the evidence must offer sufficient proof that the uncharged misconduct was committed and that defendant committed it; and (3) the probative value of the uncharged misconduct evidence must not be substantially outweighed by the dangers or considerations set forth in OEC 403. Each of these requirements must be satisfied before uncharged misconduct evidence is admissible under OEC 404(3)." *State v. Johnson, supra,* 313 Or at 195 (footnotes omitted).

■ ■ To satisfy the first part of the test, evidence of defendant's parole status must be independently relevant for a noncharacter purpose. This is a "question of logical relevancy which the trial judge must decide under OEC 104(1)."[5] *State v. Pinnell,* 311 Or 98, 109 n 17, 806 P2d 110 (1991). On review, we determine whether there is sufficient evidence in the record to support the trial judge's finding. *Id.* at 111.

---

motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

[5] OEC 104(1) provides in part that "[i]n making its determination the court is not bound by the rules of evidence except those with respect to privileges."

■ Under OEC 401,[6] "[p]roffered evidence is relevant * * * if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action [*i.e.*, a consequential fact, a material fact[7]] more probable or less probable than it would be without the evidence.' " *Dept. of Trans. v. Lundberg*, 312 Or 568, 575, 825 P2d 641 (1992). "The proper inquiry [in determining logical relevance] is: 'Does the item of evidence even slightly increase or decrease the probability of the existence of any material fact in issue? If the item of evidence affects the balance of probabilities to any degree, it is logically relevant.' " *State v. Gailey*, 301 Or 563, 567, 725 P2d 328 (1986) (referring to Imwinkelried, Uncharged Misconduct Evidence 45, § 2.17 (1984)).[8] The trial judge must decide, pursuant to OEC 104(1), whether the proffered evidence satisfies the minimum threshold of logical relevancy required by OEC 401. *State v. Clowes*, 310 Or 686, 692, 801 P2d 789 (1990). The possibility that an inconsistent or contradictory inference may reasonably be drawn from the offered item of evidence does not destroy that item's relevancy so long as the inference desired by the proponent is also a reasonable one. *Byrd v. Lord Brothers*, 256 Or 421, 424-25, 473 P2d 1018 (1970).[9] Moreover, "a fact immaterial from the

---

[6] OEC 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[7] The term "material" is not used expressly as an element of the definition of relevancy in OEC 401. Instead, the phrase "of consequence to the determination of the action" embraces the requirement that the proposition that evidence is offered to prove must be provable in the case as determined by the pleadings and the substantive law. *State v. Clowes*, 310 Or 686, 691-92, 801 P2d 789 (1990) (citing McCormick on Evidence 541, § 185 (3d ed 1984)).

[8] "This standard is a very low threshold that evidence must cross to be considered relevant." *Dept. of Trans. v. Lundberg*, 312 Or 568, 575, 825 P2d 641 (1992). "The proposed inference need not be necessary, or even the most probable, inference; the evidence need not be sufficient in and of itself. Evidence comes in item by item, and every witness does not have to hit a home run!" Peterfreund, *Relevancy and Its Limits in the Proposed Rules of Evidence for the United States District Courts: Article IV*, 25 The Record 80, 81-82 (1970). "Whether the evidence is quantitatively enough to sustain the proponent's burden of proof goes to the sufficiency or the weight of the evidence, and is an altogether different question from whether the evidence is relevant." Garland, *An Overview of Relevance and Hearsay: A Nine Step Analytical Guide*, 22 SWU L Rev 1039, 1043 (1993).

[9] *Byrd v. Lord Brothers*, 256 Or 421, 473 P2d 1018 (1970), illustrates the standard of probability set forth in the definition of "relevant evidence" stated in OEC 401. Commentary to OEC 401, *reprinted in* Kirkpatrick, Oregon Evidence 105

standpoint of the issues involved under the substantive law may still be relevant if it tends to establish a *material fact* in the case." Peterfreund, *Relevancy and Its Limits in the Proposed Rules of Evidence for the United States District Courts: Article IV*, 25 The Record 80, 81 (1970) (emphasis in original). "In other words, evidence may still be relevant even though it's only an *intermediate* fact requiring another inference or two." *Id.* (emphasis in original).

In order to satisfy the first part of the three-part test that governs the admissibility of other crimes, wrongs, or acts, therefore, the evidence of defendant's parole status must have a tendency to prove a relevant, noncharacter purpose. The Court of Appeals summarized the challenged evidence:

"The state's case opened with testimony from a parole and probation office intake person, who testified that defendant had come in to make an appointment and that, after giving him an appointment slip, she asked if there was an outstanding warrant for his arrest. She said that defendant said no, and she asked him to stay until she 'clarified it and resolved the matter.' He then asked if he could go to the restroom. 'I said sure but would he please come back, and that was the last we saw of him.' She testified that she later

---

(2d ed 1989). *Byrd* was a personal injury action. The plaintiff was driving his motor vehicle under an overpass, when a piece of concrete came through his windshield and injured him. The defendant was the construction company that was remodeling the overpass, which involved removing a concrete walk and railing along one side. A bulkhead had been constructed by the defendant to confine the debris. At trial, the defendant sought to introduce evidence that a group of boys was seen six blocks away, running in a direction away from the north end of the overpass at about the time of the accident. There was no other evidence to connect the boys to the piece of concrete that struck the plaintiff. This court found that it was not error to admit the evidence, reasoning:

"Admittedly, the boys could have come from numerous other places than the overpass and could have been running for any one of the various reasons that boys run. The relation between the boys and the overpass six blocks away is an attenuated one, but we believe that, after the introduction of the evidence in question, there was a greater possibility that the concrete was thrown from the overpass than would have so appeared in the absence of such evidence. Had the boys been seen running from the end of the overpass, no one would have any difficulty in concluding that the evidence was highly relevant. When the same thing occurs six blocks away, its probative value is very greatly lessened. However, we cannot say it has none. We do not mean that it was probable that the boys threw the concrete or that the evidence would justify the submission of a case to the jury if they were being sued for having caused the injury." 256 Or at 424-25.

confirmed that there was an outstanding warrant for his arrest.

"Defendant's parole officer testified that she had never met defendant and that he did not keep his appointment with her and never submitted a monthly report form. She testified that, when a client fails to keep an appointment, she typically reports the violation to the releasing authority and an arrest warrant is issued." *State v. Hampton, supra,* 117 Or App at 93.

The state argues that there is evidence in the record to support the trial court's finding that the evidence of defendant's parole status is independently relevant to explain defendant's motive for his assaultive behavior, *i.e.,* that he resisted and assaulted the officer to avoid apprehension and revocation of his parole, and that that motive is relevant to prove that defendant committed the assault charged[10] and that he committed it with the requisite mental state (*i.e.,* knowingly[11]). We agree.

██ Under the standard of relevance in OEC 401, the evidence of defendant's parole status tended to prove a relevant, noncharacter purpose that defendant had a motive[12] to assault the officer. As the state argues and the Court of Appeals agreed, "the evidence was relevant, because a rational juror could reasonably infer that defendant sought to get away from the officer because he knew outstanding charges were pending against him and that his parole * * * status — *ergo* his freedom — was in jeopardy and that that

---

[10] Evidence of defendant's parole status did not include evidence about the crimes for which defendant was on parole or the reason that the warrant for his arrest had been issued.

[11] "A person acts 'knowingly' * * * if that person acts with an awareness either (1) That his or her conduct is of a particular nature; or (2) That a particular circumstance exists." Uniform Criminal Jury Instruction 1032 (December 1990) (citing ORS 161.085(8)).

[12] "Motive is * * * a cause or reason that moves the will and induces action, an inducement which leads to or tempts the mind to commit an act." *State v. Walker,* 244 Or 404, 412, 417 P2d 1004 (1966) (citations omitted). Motive is a relevant circumstantial fact that refers to why a defendant did what he did; it generally need not be established by the prosecution to prove guilt. *State v. Rose,* 311 Or 274, 283, 810 P2d 839 (1991). Evidence of motive is often pertinent as the basis to infer that the act was committed, or to prove the requisite mental state, or to prove the identity of the actor. Wright & Graham, 22 Federal Practice and Procedure 479, § 5240. Of course, "courts must be on guard to prevent the motive label from being used to smuggle forbidden evidence of propensity to the jury." *Id.*

was his motive, the reason that he vigorously fought to try to get away." *State v. Hampton, supra,* 117 Or App at 94 (internal quotation marks omitted). From the evidence of defendant's parole status, the jury might reasonably infer that defendant had a special reason (motive) for engaging in the assaultive conduct charged and for engaging in it with the requisite mental state (knowingly), *i.e.,* to avoid apprehension and revocation of his parole. From that motive, the jury could reasonably infer that defendant knowingly broke the bottle on the officer's head to avoid apprehension and revocation of his parole status.

Although the motive for committing a crime generally need not be established by the prosecution to prove guilt,[13] *State v. Rose,* 311 Or 274, 283, 810 P2d 839 (1991), it is a relevant circumstantial fact, because it makes more probable the fact that defendant committed the crime than if such a motive were not established. Peterfreund, *supra,* 25 The Record at 81.

■ "[D]efendant's possession of a motive * * * strengthens the inference that the social loss was caused by an *actus reus* [the physical aspect of the crime] rather than a natural accident. Moreover, evidence of the defendant's motive is logically relevant to show that when the defendant performed the *actus reus,* the defendant did so with *mens rea* [a guilty mind]." Imwinkelried, *supra,* at 72, § 5.32 (footnotes omitted). Circumstantial evidence is always necessary to prove the state of mind of a person. Evidence as to a person's state of mind may be inferentially relevant to the fact in issue. When evidence of motive is admitted, it is to be considered with other evidence surrounding the commission of the crime and given only such weight as the jury deems proper. *State v. Rose, supra,* 311 Or at 283 n 7 (citing *State v. Walker,* 244 Or 404, 411-12, 417 P2d 1004 (1966)).

---

[13] Why a defendant did what he or she did may be important in certain crimes. *See, e.g., Wisconsin v. Mitchell,* ____ US ____, 113 S Ct 2194, 124 L Ed 2d 436 (1993) (state statute that provides penalty enhancement whenever the defendant selects the victim on basis of the victim's race, religion, or other protected status upheld against First Amendment challenge); *State v. Plowman,* 314 Or 157, 838 P2d 558 (1992) (Oregon ethnic intimidation statute requires that two or more persons must act together because of their perception of the victim's race, color, religion, national origin, or sexual orientation).

There was sufficient evidence in the record to support the trial judge's finding that evidence of defendant's parole status was relevant to show motive, and that motive was a relevant, noncharacter purpose in this case; it was not offered by the state for propensity purposes, *i.e.*, to show that defendant acted consistently with a particular character trait. The evidence of defendant's parole status was sufficient to support the trial judge's finding with respect to the first part of the three-part test that governs the admissibility of "other crimes, wrongs or acts" under OEC 404(3).

There is no dispute that the second part of the test is satisfied in this case. Defendant does not dispute the evidence of his parole status.

We now turn to the third part of the test. Defendant argues that, even if relevant, the prejudicial effect of the evidence of his parole status substantially outweighed its probative value. Therefore, defendant argues, the trial judge erred in refusing to exclude the evidence under OEC 403. We disagree.

■■ Under OEC 403, the trial court, in determining the admissibility of evidence that is relevant under OEC 401, and not barred by OEC 402,[14] balances the risks of the evidence against its benefits. *State ex rel Juv. Dept. v. Beasley*, 314 Or 444, 453 n 17, 840 P2d 78 (1992). In making the risk-benefit analysis under OEC 403 in this case, the trial judge carefully applied the standards that this court outlined in *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987), and *State v. Johns*, 301 Or 535, 557-59, 725 P2d 312 (1986). He balanced the probative value of the evidence of defendant's parole status against the danger of unfair prejudice,[15] the OEC 403

---

[14] OEC 402 provides:

"All relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory and decisional law. Evidence which is not relevant is not admissible."

[15] "Unfair prejudice" within the meaning of OEC 403 does not mean that the evidence is harmful to the opponent's case — a central reason for offering evidence. *State v. Pinnell*, 311 Or 98, 105-06 n 12, 806 P2d 110 (1991). Rather, " ' "[u]nfair prejudice," in the context of OEC 403, means an undue tendency to suggest [a] decision[] on an improper basis, commonly, although not always, an emotional one.' " *Id.* (quoting Legislative Commentary to OEC 403, *reported in* Kirkpatrick, *supra*, at 125).

ground on which defendant relied. He considered the state's need for the evidence, the strength of the state's evidence establishing defendant's parole status, the quantum of probative value of the evidence, the risk of unfair prejudice to defendant (that is, the extent to which the evidence would invite the jury to convict defendant on the improper basis that he is a bad person), *see supra*, note 10, the time required to present the evidence, and whether the evidence would distract the jury. The trial judge found that the evidence of defendant's parole status was sufficiently probative for its noncharacter purpose (*i.e.*, to establish motive) to warrant admitting it despite its prejudicial potential. The trial judge articulated on the record his reasons for admitting the evidence. Because there is sufficient evidence in the record to support the trial judge's findings, there was no error in admitting the evidence of defendant's parole status. *See State v. Carlson*, 311 Or 201, 214, 217-19, 808 P2d 1002 (1991) (applying *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968), to an OEC 104(1) determination by a trial court); *State v. Pinnell, supra*, 311 Or at 109-11 (affirming the trial court's OEC 104(1) findings regarding the admissibility of other crimes evidence).[16]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[16] Cases in other jurisdictions have also held that evidence of other crimes, wrongs, or acts is admissible as probative of motive to avoid arrest, punishment for a crime, or interference with the enforcement of the law. *See, e.g., United States v. Peltier*, 585 F2d 314 (8th Cir 1978) (district court did not abuse its discretion in admitting evidence of an outstanding arrest warrant for attempted murder to show that the defendant had a motive to react with deadly force when followed by F.B.I. agents); *Johnson v. State*, 130 So 2d 599 (Fla 1961) (evidence that defendant had escaped from prison camp held properly admitted to establish motive in killing police officer about a year later); *Sypniewski v. State*, 799 SW2d 432, 434 (Tex App 1990) (in aggravated robbery trial, evidence that the defendant had previously robbed a Texaco station, for which warrant had been issued for his arrest, held admissible as indicative of the defendant's motive in taking officer's gun and keys and fleeing the scene; court held that "it can reasonably be inferred that, having been stopped by the officer, [defendant] was afraid that his fugitive status would be discovered and he would be arrested for the Texaco station robbery"); *Valdez v. State*, 776 SW2d 162 (Tex Crim App 1989) (evidence of the defendant's parole violations and his knowledge of outstanding arrest warrant held admissible in a trial for shooting a police officer); *Barefoot v. State*, 596 SW2d 875, 887 (Tex Crim App 1980) ("trial court did not err in admitting the evidence of extraneous offenses for the limited purpose of showing motive" for killing an investigating police officer to avoid facing charges).