Argued and submitted June 28, 1995, judgment vacated; remanded for
reconsideration with instructions March 6, petition for review denied
August 27, 1996 (324 Or 176)

# STATE OF OREGON,
*Respondent,*

*v.*

# EMERY EARL McCAPES,
*Appellant.*

(9301-759C; CA A83518)

912 P2d 419

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals his convictions for three counts of sexual abuse in the third degree. ORS 163.415. He contends that the trial court erred in denying his pretrial motion to exclude evidence. We vacate the convictions and remand for further proceedings.

Defendant was charged with sexual abuse after his daughter, the victim, told a school official and police detectives that defendant had engaged in improper sexual contact with her. The victim related that defendant touched her breast and vaginal areas and that defendant forced her to suck on the nipples of his breasts whenever she wanted a "special privilege," such as having defendant take her to school. The victim also said that defendant occasionally dressed in women's clothing at home. When interviewed by a police detective, defendant admitted that he cross-dressed but denied that he had touched his daughter in a sexual manner or that he had forced her to suck on his breast. Defendant was subsequently charged by complaint with three counts of sexual abuse.

In anticipation that the state would attempt to introduce testimony that he cross-dressed, defendant filed a pretrial motion to exclude that evidence. The state countered that the evidence regarding defendant's cross-dressing was relevant to prove that defendant committed sexual abuse in the manner alleged in the third count of the state's complaint[1] and was relevant because it corroborated the victim's testimony to police detectives. The trial court found the evidence to be relevant on both grounds and, after balancing the probative value of the evidence in its corroborative context against the risk of unfair prejudice, ruled that testimony regarding defendant's habit of cross-dressing would be admissible.[2] The case proceeded to a jury trial and defendant was convicted as charged.

---

[1] The third count alleged that defendant subjected the victim to sexual contact by causing her to touch a sexual or intimate part *of defendant*, specifically, his breast.

[2] In the course of reaching its final decision to admit the challenged evidence, the court briefly weighed the probative value of the cross-dressing evidence in proving the state's third allegation against its potentially prejudicial effect. Based on that analysis, the court preliminarily indicated that it would *grant* defendant's motion to exclude but, after further arguments, it *denied* defendant's motion for the reasons described in the main text of this opinion.

On appeal, defendant assigns error to the court's denial of his pretrial motion to exclude evidence that he cross-dresses. He contends that the evidence "has no relevance to any elements of the crime [of sexual abuse]." He further contends that, even if the evidence is relevant, it is unfairly prejudicial and should have been excluded.[3] *See* OEC 401; OEC 403.

We address the relevancy issue first. *See* OEC 402 ("Evidence which is not relevant is not admissible."). Relevant evidence is defined as evidence

> "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401.

In the criminal context, evidence is relevant if it "reasonably and fairly relates to a fact or issue about the charged crime." *State v. Stone,* 104 Or App 534, 540, 802 P2d 668 (1990). Whether evidence satisfies the minimum threshold of relevancy is a preliminary question for the trial court under OEC 104(1). *State v. Hampton,* 317 Or 251, 254, 855 P2d 621 (1993). We review to determine if there is sufficient evidence in the record to support the court's finding. *Id.*

The court erred in finding the evidence relevant on the ground that it corroborated the victim's account of the crime. Evidence may be considered relevant when it specifically corroborates the victim's description of the circumstances and events surrounding a crime. *State v. Hite,* 131 Or App 59, 883 P2d 890 (1994), *rev den* 320 Or 508 (1995); *State v. Rood,* 118 Or App 480, 848 P2d 128, *rev den* 317 Or 272 (1993). In *Rood,* the state sought to introduce evidence that the defendant purchased and possessed x-rated videos on the ground that it corroborated one victim's testimony that he had seen the defendant watching a pornographic video and that the defendant had played such videos when he abused and sodomized the victim. We held that the evidence was relevant and admissible because it confirmed aspects of the victim's account of the crime and was not

---

[3] We do not consider defendant's two remaining arguments concerning the inadmissibility of the evidence, because they were not presented to the trial court. ORAP 5.45(2).

offered to prove the defendant's propensity to commit sodomy or sex abuse. 118 Or App at 485. *See State v. Vanderham*, 78 Or App 589, 717 P2d 647 (1986) (possession of pornographic magazine not relevant to prove propensity for sexual misconduct with children).

■    In this case, the victim told police detectives that defendant occasionally cross-dressed. However, she did not allege that defendant committed sexual abuse while he was dressed as a woman. Therefore, testimony from a police detective that defendant admitted that he cross-dressed does not corroborate any aspect of the victim's account of the crime. It only corroborates a collateral fact that the victim told police. Although the corroborative nature of the evidence may have generally boosted the victim's credibility, it did not have any tendency to increase or decrease the probability that defendant committed sexual abuse. *See Hite*, 131 Or App at 67-68 (proffered exhibits irrelevant because they did not corroborate victim's testimony that defendant took nude photographs of her). Therefore, the proffered evidence was not relevant on the ground that it corroborated the victim's account of the crime.

■■    Nevertheless, the cross-dressing evidence was relevant to prove a material fact in the state's case against defendant. Under ORS 163.415, a person commits the crime of sexual abuse in the third degree if "the person subjects [the victim] to sexual contact" without the victim's consent. "Sexual contact" is defined as

> "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6).

The first two charges in the complaint against defendant allege that he touched the victim's breast and vaginal areas. The third charge, however, alleges that defendant caused the victim to touch a sexual or intimate part of *his* body, namely, his breast. Male breasts are not sexual or intimate parts of the body unless the person whose breasts are at issue considers them to be so. *See State v. Woodley*, 306 Or

458, 760 P2d 884 (1988).[4] Hence, the state was required to prove that defendant subjectively considered his breasts to be an intimate part of his body. Evidence that defendant dresses as a woman is probative as to whether he considers his breast to be an intimate part of his body. Therefore, the cross-dressing evidence is relevant to prove that defendant committed sexual abuse. *See State v. Gailey*, 301 Or 563, 567, 725 P2d 328 (1986) ("If the item of evidence affects the balance of probabilities to any degree, it is logically relevant.").

■■   Our decision that the evidence is relevant does not end the matter, however. Although relevant evidence is generally admissible, it may be excluded if its probative value is substantially outweighed by any one of a number of factors, including the danger of unfair prejudice. OEC 402; OEC 403.[5] The admissibility of potentially inflammatory evidence is assessed under OEC 403 by balancing the probative value of the evidence against its prejudicial effect. *State v. Pinnell*, 311 Or 98, 806 P2d 110 (1991); *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987). We review the court's determination for abuse of discretion. *Mayfield*, 302 Or at 645.

The trial court undertook an OEC 403 analysis but limited itself to deciding whether the probative value of the

---

[4] In *Woodley*, the Supreme Court held that an "intimate" body part is one that is

"subjectively intimate to the person touched, and either known by the accused to be so or to be an area of the anatomy that would be objectively known to be intimate by any reasonable person. A court may decide that no reasonable jury could find a particular part of the body to be objectively 'intimate,' but the court may not, in a criminal case, instruct the jury that any part is objectively 'intimate,' other than breasts." 306 Or at 463.

We infer from the context of the court's analysis that its reference to "breasts" is to female breasts only.

[5] OEC 402 provides, in part:

"All relevant evidence is admissible, except as provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory or decisional law."

OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

evidence for *corroborative* purposes was substantially outweighed by the risk of prejudice.[6] Our conclusion that the cross-dressing evidence is not relevant on the corroboration ground renders review of the court's OEC 403 determination unnecessary. *See* OEC 402 (irrelevant evidence is not admissible). On the alternative ground of relevancy, the court did not decide whether the evidence was admissible under OEC 403. Therefore, we remand the case for the court to determine whether the probative value of the evidence to prove the state's third charge against defendant is substantially outweighed by the risk of unfair prejudice.

Judgment vacated; remanded for reconsideration under OEC 403. If the trial court determines that the evidence is admissible under OEC 403, it shall reinstate the judgment. If it decides that the evidence is inadmissible, it shall order a new trial.

---

[6] The court ruled:

"[D]espite my oral ruling in chambers, [there] is a new twist to this. The state's case will depend on the credibility of the victim and any corroborating evidence they can present to do so. On that basis alone, the evidence is admissible to corroborate. * * * It's prejudicial or it's likely to be prejudicial. I acknowledge that and for the record I'm forthright in that respect and I think so is counsel. However, the state is entitled to present its best evidence and the prejudicial effect of all this is outweighed by the evidence of corroborating the victim's statements. So I reverse myself and allow the witnesses to the statements [*sic*] made by [defendant] on that issue regarding his dressing patterns."