Submitted February 15; jurisdictional judgment reversed and remanded for entry of a judgment establishing dependency jurisdiction based on allegations other than allegations 4I and 4J, otherwise affirmed May 18; petition for review denied October 6, 2022 (370 Or 303)

In the Matter of A. L. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. A. C.
and S. M. M.,
*Appellants.*

Lane County Circuit Court
21JU02511; A176802

510 P3d 960

Mother and father appeal from a judgment establishing dependency jurisdiction over their infant child, A, who tested positive for amphetamines at birth and was removed from their care before leaving the hospital. The juvenile court took jurisdiction over A, concluding that the state established each and every allegation made against each parent. Both parents argue that the evidence was insufficient to support jurisdiction. *Held*: The state did not meet its burden on two of its allegations against father—4I, that he engaged in erratic and/or volatile behavior that interfered with his ability to safely parent A, and 4J, that he was unwilling or unable to learn the parenting skills necessary to safely parent A.

Jurisdictional judgment reversed and remanded for entry of judgment establishing dependency jurisdiction based on allegations other than 4I and 4J; otherwise affirmed.

___

Debra E. Velure, Judge.

Kristen G. Williams filed the briefs for appellant C. A. C.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant S. M. M.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Jurisdictional judgment reversed and remanded for entry of a judgment establishing dependency jurisdiction based on allegations other than allegations 4I and 4J; otherwise affirmed.

## MOONEY, J.

This juvenile dependency case began when the Department of Human Services (DHS) received a "call of concern" about a newborn infant, A, for whom drug screens run on maternal and infant urine as well as on meconium were positive for "amphetamines." DHS intervened at the hospital and removed A from his parents' care. A was discharged to the care of nonrelative foster care providers. DHS filed a dependency petition, a trial was held, and jurisdiction was established after the juvenile court concluded that the state had established each of the allegations contained in the petition. Mother and father appeal from the judgment of jurisdiction that was then entered.

Father assigns error to two of the juvenile court's evidentiary rulings, both of which we reject. The parties correctly agree that the relevance threshold is "very low," *State v. Hampton*, 317 Or 251, 255 n 8, 855 P2d 621 (1993), and that the juvenile court may consider historical medical records, including mental health records, along with all of the evidence as it determines whether to assert dependency jurisdiction.

Both parents argue that the evidence was insufficient to support jurisdiction. A detailed discussion of the circumstances of this case would not benefit the bench, bar, parties, or the public. Having reviewed the record for any evidence supporting the juvenile court's findings of fact, and whether, as a matter of law, those facts, together with the facts impliedly found by the court, provide a basis for jurisdiction, *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010), we conclude that the juvenile court properly asserted jurisdiction based on the allegations concerning mother and on two of the allegations concerning father, 4G (mental health) and 4H (substance abuse). However, as explained below, we agree with father that the record is insufficient to support jurisdiction based on allegations that he engaged in erratic and/or volatile behavior that interferes with his ability to safely parent A. We also agree with father that there was insufficient evidence to support the trial court's factual finding that father was unwilling

or unable to learn the parenting skills necessary to safely parent A, so we reverse that allegation as well.

There was evidence presented that a neighbor had obtained a civil stalking order against father after he shot a BB gun in the neighbor's direction and engaged in other unwanted contact with her. And father was found to have several sharp objects in his backpack while at the hospital. But there was no evidence that father had used, or threatened to use, a BB gun, a sharp object, or anything else to harm A or any other child. The state did not meet its burden on the allegation against father that he engaged in erratic and/or volatile behavior that interferes with his ability to safely parent A.

Father was cooperative with the nursing and medical staff at the hospital. He asked appropriate questions about infant care, and he was receptive to suggestions. When the positive drug screens were brought to his attention, he disclosed some information that confirmed that A had been exposed to methamphetamine while mother was pregnant, which included admitting to his own use. Father, like many first-time parents, lacked basic parenting skills, but there was no evidence that he was unwilling or unable to learn those skills. The state did not meet its burden on the allegation against father that he was unwilling or unable to learn the parenting skills necessary to safely parent A.

Jurisdictional judgment reversed and remanded for entry of a judgment establishing dependency jurisdiction based on allegations other than 4I and 4J; otherwise affirmed.