Robert Charles
**SYPNIEWSKI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–90–019–CR.**

Court of Appeals of Texas,
Texarkana.

Oct. 23, 1990.

Charles M. Cobb, Mount Pleasant, for appellant.

Richard Townsend, Daingerfield, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Robert Charles Sypniewski was convicted of aggravated robbery. Enhanced by reason of previous convictions, punishment was assessed by the jury at ninety-nine years' confinement. In a single point of error, Sypniewski contends that the trial court erred in admitting evidence of an extraneous offense. We overrule this contention and affirm the judgment.

According to the State's evidence, on May 20, 1989, Officer Duke of the Lone Star police department stopped a white Mercury Cougar automobile to investigate a speeding violation. Sypniewski was a passenger in the Mercury. Officer Duke was sitting in his patrol car checking records on the Mercury when Sypniewski got out of the car and walked toward Duke's car. Sypniewski pulled a gun on Duke and threatened to kill him if he moved. He then ordered Duke to hand over his service revolver, his ammunition, two speed loaders, his two-way radio, and his patrol car keys. Sypniewski and the driver then got back into the Mercury and sped off. Sypniewski was later arrested and charged with aggravated robbery. In his sole point of error, Sypniewski contends that the trial court erred in admitting evidence of an extraneous offense. Specifically, he complains of testimony implicating him in another robbery.

Karen Depue testified that she was the victim of an aggravated robbery committed by Sypniewski in Harris County about a month before the charged offense occurred. She stated that she was working at a Texaco station in Harris County on the morning of April 21, 1989, when Sypniewski came in. She had known him for about two months, because he came in every other day or so to buy beer or cigarettes. Sypniewski asked to use the telephone. When he went behind the counter to use the phone, he picked up a gun lying by the register, pointed the gun at her and ordered her to give him all the money.

The owner of the Texaco station testified that he had hired Sypniewski to repair the station's leaky roof two days before the robbery. He also testified that after the robbery Karen Depue called him and told him that Sypniewski was the robber. Both Depue and the station owner identified Sypniewski in a pictorial lineup prepared by the Harris County sheriff's department. On May 4, 1990, in connection with the Harris County robbery, a warrant was issued for Sypniewski's arrest. The State offered evidence of the extraneous offense for the limited purpose of showing Sypniewski's motive in committing the charged offense, and the court gave a limiting instruction to the jury.

It is fundamental that an accused may not be tried for some collateral crime or for being a criminal generally. *Crane v. State*, 786 S.W.2d 338 (Tex.Crim.App.1990). Thus, as a general rule, evidence of extraneous offenses is inadmissible. However,

this general rule is subject to several exceptions. *Albrecht v. State*, 486 S.W.2d 97, 100–01 (Tex.Crim.App.1972); TEX.R.CRIM. EVID. 404(b). One exception is that evidence of an extraneous offense is admissible to show an accused's motive if it is material and its relevancy outweighs its prejudicial effect. *Porter v. State*, 623 S.W.2d 374, 385 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982).

■ Sypniewski argues that since motive is not an essential element of proof for the charged offense, it was improper to allow testimony concerning the extraneous offense. We disagree. Evidence of motive is always proper and relevant evidence to assist in proving that the defendant committed the charged offense. *Rodriguez v. State*, 486 S.W.2d 355 (Tex.Crim.App.1972).

The evidence shows that Sypniewski robbed the Texaco station a month before the offense for which he was being tried. As a result of that offense, there was an outstanding warrant for his arrest. He had reason to know of the outstanding warrant. Consequently, it can reasonably be inferred that, having been stopped by the officer, Sypniewski was afraid that his fugitive status would be discovered and he would be arrested for the Texaco station robbery. The evidence was thus relevant to show Sypniewski's motive in taking Duke's gun and keys and fleeing the scene. *Valdez v. State*, 776 S.W.2d 162 (Tex.Crim. App.1989); *Porter v. State, supra; Barefoot v. State,* 596 S.W.2d 875 (Tex.Crim. App.1980); *Hughes v. State,* 563 S.W.2d 581 (Tex.Crim.App.1978); *Ellisor v. State,* 162 Tex.Crim. 117, 282 S.W.2d 393 (1955).

Sypniewski argues that the extraneous offense was admissible only if there was a high degree of similarity between it and the primary offense. We disagree. Similarity between the primary offense and the extraneous offense need only be shown when the extraneous offense is being offered to prove *identity.* Once the defendant has placed his identity in issue, evidence of an extraneous offense may be admissible to prove the defendant was the offender, provided there are distinguishing characteristics to both the primary offense and the extraneous offense. *Moore v. State,* 700 S.W.2d 193 (Tex.Crim.App.1985); *Dickey v. State,* 646 S.W.2d 232 (Tex.Crim. App.1983). To be admissible on identity, the extraneous offense must be so nearly identical in method to the charged offense as to indicate it was the handiwork of the accused. *Collazo v. State,* 623 S.W.2d 647 (Tex.Crim.App. [Panel Op.] 1981); *Crawford v. State,* 770 S.W.2d 51 (Tex.App.–Texarkana 1989, no pet.).

In this case, Sypniewski's identity was never in question. Karen Depue clearly identified him as the perpetrator of the extraneous offense, and Sypniewski offered no defensive theory to rebut her testimony. The State offered evidence of the extraneous offense to show Sypniewski's motive in committing the primary offense, not to prove the uncontested issue of identity. Consequently, the State was not required to show a high degree of similarity between the primary offense and the extraneous offense.

■ Sypniewski also complains that the probative value of the extraneous evidence was outweighed by its prejudicial effect. We overrule this contention. The State's evidence on guilt was overwhelming. Testimony that Sypniewski committed the charged offense was clear, unequivocal and undisputed. The court's charge adequately restricted the jury's consideration of the extraneous offense to the purpose for which that evidence was admitted, i.e., motive. Additionally, at the punishment stage of trial the jury had before them Sypniewski's four prior convictions for aggravated robbery. Evidence of the extraneous offense was certainly not harmful to Sypniewski on the issue of punishment in light of these prior convictions. Therefore, it is apparent that the probative value of the relevant extraneous offense testimony was not outweighed by any prejudicial effect such testimony might have had on the jury.

For the reasons stated, the judgment of the trial court is affirmed.