**Opinion filed November 30, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00276-CR

_____

## YADHIRA AINSWORTH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-43,976**

## M E M O R A N D U M   O P I N I O N

The jury convicted Yadhira Ainsworth of assault on a public servant and assessed her punishment at confinement for two years. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (West Supp. 2017). In a single issue on appeal, Appellant challenges the admission of an open arrest warrant for an extraneous offense. We affirm.

Ector County Sheriff's Deputy Barry Thomas Hill encountered Appellant while he investigated an incident reported at Appellant's home. When Deputy Hill arrived at Appellant's home, Appellant's husband, Thomas Edward Ainsworth,

exited the home in a wheelchair and approached Deputy Hill. Thomas spoke with Deputy Hill for a few minutes until Appellant came outside.

Deputy Hill testified that Appellant interrupted the interview, shouted over Thomas's responses, and refused to answer questions directed at her. Instead, Appellant told Deputy Hill that she was leaving. One of Appellant's family members had parked a vehicle on the street, and Appellant began to load her personal items into the vehicle. Deputy Hill testified that Appellant's movement in and out of the house caused him to fear that she might be getting a weapon and that Appellant might leave before he could complete his investigation.

To control the situation, Deputy Hill testified that he decided to restrain Appellant with handcuffs and place her into the patrol unit until he could finish questioning the couple. Deputy Hill testified that, as he escorted Appellant toward the patrol unit, Appellant stated, "Get the f--k off of me," and struck him in the face with her head by leaning forward and then swinging her head backward. After he placed Appellant in the patrol unit, Deputy Hill spoke to dispatch and discovered an open arrest warrant for Appellant. Deputy Hill transported Appellant to the jail. Deputy Hill testified that, after several hours had passed, he began developing a headache and nausea and went to the hospital for medical attention.

At trial, Appellant objected to the State's questions concerning the open arrest warrant. Appellant first objected on the ground of relevance. The trial court asked the State whether the existence of the open arrest warrant might be a reason why Appellant resisted Deputy Hill, and the State agreed with this rationale. The trial court overruled the objection based on relevance. Appellant next objected that evidence of the open arrest warrant should not be allowed because the underlying charge was ultimately dismissed. Otherwise, Appellant argued, "[T]he jury is left to think, well, maybe, she was on a warrant for some other serious charge. That's an extraneous offense." The trial court overruled this objection as well.

2

The State proceeded to ask Deputy Hill on direct examination whether Appellant had an open warrant. Deputy Hill confirmed that she did. On cross-examination, Appellant questioned Deputy Hill about the sequence of events and confirmed that Deputy Hill detained Appellant prior to the time that he learned about the warrant. On redirect, within a short series of questions, the State asked, "[I]f someone has an open warrant, what do you typically do?" Deputy Hill answered, "Arrest them." On cross-examination of Thomas, after he testified that Appellant did not understand why she was being detained, the State asked Thomas whether he was aware of the open warrant. He responded that he was not aware of it.

The State did not mention the open warrant during its jury argument. Instead, the State focused on Appellant's demeanor and conduct, Deputy Hill's injury, an apology made by Appellant to Deputy Hill at the jail, potential personal bias of Thomas in testifying favorably for Appellant, and potential conflicts in Thomas's testimony. The record does not indicate that the trial court instructed the jury to limit its consideration of the warrant for the purpose of determining Appellant's motive, but the trial court did exclude any mention of the underlying offense.

Appellant's argument on appeal has characteristics of both Rules 403 and 404(b) of the Texas Rules of Evidence. The State argues that Appellant failed to object to testimony about the open warrant on the ground of Rule 403 and that the testimony was admissible under Rule 404(b) as evidence of motive, intent, absence of mistake, and lack of accident.

To preserve error on appeal, a party must make a timely request, objection, or motion "with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A). Generally, a party must object each time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). There are two exceptions. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim.

3

App. 2003). A party may (1) request a running objection or (2) obtain a ruling outside the presence of the jury. *Id.*; TEX. R. EVID. 103(b).

The second exception applies to this case. Appellant objected to the admissibility of the open warrant outside the presence of the jury before the State first elicited the testimony, and the trial court ruled that the testimony was admissible. Because Appellant obtained a ruling on the objections outside the presence of the jury, no further objections were necessary.

Once trial counsel preserves error, the scope of the appeal is limited to the objections made on the record. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). "The point of error on appeal must comport with the objection made at trial." *Id.* Whether Appellant forfeited the Rule 403 objection by failing to make the same argument on appeal as at trial depends on "the context of the objection and the shared understanding of the parties at the time." *Id.* Typically, "statements or actions on the record" must indicate that "the judge and opposing counsel understood the argument." *Id.*

In this case, Appellant explicitly objected to testimony about the open warrant on the grounds of relevance and the admissibility of an extraneous offense. Appellant also argued that admitting evidence of the open warrant while excluding the dismissal of the underlying charge would cause the jury to believe the warrant was related to a more serious charge. This argument fits with the gist of an argument under Rule 403—that allowing evidence of the open warrant might cause unfair prejudice without evidence of the dismissal. Appellant made this argument in response to the trial court's initial ruling to allow testimony about the open warrant because it could provide a reason why Appellant resisted Deputy Hill. Appellant repeats these arguments on appeal.

Because of the substance and timing of the objection, the argument at trial was sufficiently specific to notify the trial court to conduct balancing under Rule 403,

4

and the appeal comports with the objection. Therefore, Appellant preserved error for review of admissibility of the open warrant under Rules 403 and 404(b).

Next, we address the merits under Rules 403 and 404(b). We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will uphold a trial court's ruling as long as it is within the "zone of reasonable disagreement" or "correct on any theory of law applicable to that ruling." *Id.* at 343–44 (first quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991), and then citing *Sewell v. State*, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982)).

Under Rule 404(b), evidence of an extraneous offense may be admissible as proof of motive, intent, knowledge, identity, or absence of mistake or accident. TEX. R. EVID. 404(b). In other words, Rule 404(b) requires evidence of an extraneous offense to be "relevant to a material, non-propensity issue." *De La Paz*, 279 S.W.3d at 344.

We agree with the trial court's decision to admit testimony about the open warrant under Rule 404(b). Evidence of the open warrant makes it more probable that Appellant had a reason to evade arrest and intentionally head-butt Deputy Hill. *See Sypniewski v. State*, 799 S.W.2d 432, 434 (Tex. App.—Texarkana 1990, pet. ref'd) (reasoning that a warrant for an extraneous offense inferentially shows motive to evade arrest). Because the trial court fairly reasoned that the arrest warrant was relevant to Appellant's motive rather than Appellant's character, there was no error under Rule 404(b).

Under Rule 403, a trial court's decision to admit evidence is reasonable if "the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury." *De La Paz*, 279 S.W.3d at 344; TEX. R. EVID. 403. Rule 403 requires balancing the following factors: "(1) the probative value of the evidence; (2) the potential to impress the jury

in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012).

A trial court is presumed to have engaged in the required balancing test when Rule 403 is invoked. *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997). However, the mere fact that balancing occurred does not satisfy the abuse-of-discretion standard: "the trial court's determination must be reasonable in view of all relevant facts." *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (quoting *Rachal v. State*, 917 S.W.2d 799, 808 (Tex. Crim. App. 1996)). There is a presumption in favor of admitting relevant evidence; the corollary presumption is that evidence admissible under Rule 404(b) "is more probative than prejudicial." *See id.* With these presumptions in mind, we weigh the probative value and the proponent's need for the evidence against the likelihood that the evidence will create unfair prejudice or mislead the jury. *Hernandez*, 390 S.W.3d at 324.

Given the presumptions and the abuse-of-discretion standard of review, we cannot say that the trial court's ruling was unreasonable. The existence of the open warrant was used to show that Appellant had a motive to evade arrest and intentionally head-butt Deputy Hill. However, potential evidence about dismissal of the underlying charge could have undermined the probative value of the warrant. There are two ways of assessing the State's need for the warrant: the quality of the open warrant and the quantity of the State's other evidence of Appellant's motive and intent. *See Montgomery*, 810 S.W.2d at 390 ("Does the proponent have other available evidence to establish the fact of consequence that the extraneous misconduct is relevant to show? If so, how strong is that other evidence?"). The quality of the evidence may have been questionable, due to the dismissal of the underlying charge. But the quantity of the State's total evidence of Appellant's motive and intent was limited to testimony about Appellant's conduct and demeanor,

6

Deputy Hill's injury, and the open warrant. Although the State later decided not to emphasize the warrant in closing arguments, the limited sources of evidence related to Appellant's motive and intent may have increased the need for evidence of the open warrant. Therefore, although the probative value of the open warrant may have been questionable, the State's need for it was arguably high.

Furthermore, there was only a moderate likelihood that the open warrant would mislead the jury. The State quickly developed testimony about the open warrant, asking only two witnesses a few brief questions. This trial was short; therefore, the concise questions about the open warrant without evidence of the dismissal of the underlying charge had the potential to leave an irrational, yet indelible, impression on the jury. However, because the testimony was brief and the trial court excluded any mention of the underlying offense, the chance that the jury was distracted from the indicted offense was only moderate.

On balance, with an arguably high need for the open warrant on one side of the scale and only a moderate potential to mislead the jury on the other, the trial court did not abuse its discretion when it determined that the danger of unfair prejudice did not substantially outweigh the probative value of the warrant. Therefore, the trial court's decision to admit the open warrant was reasonable and did not violate Rule 403. Appellant's sole issue is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

November 30, 2017                          CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7